## THOMAS WILLIAMS v. J. M. HAY.

Argued May 8, 1888—Decided May 21, 1888.

1. Where one person owns the surface and another the underlying coal or other minerals, the absolute right of the former to surface support is not to be taken away by a mere implication from language not necessarily importing such a result.

2. Such right is not affected by a clause in the deed conveying the surface but reserving the coal, which provides that the grantor, his heirs or assigns, in mining and removing the coal "shall do as little damage to the surface as possible."

3. Where the injury charged in the narr is purely consequential, an objection made after a trial on the merits that the action should have been trespass and not case, is of no avail—especially where no harm resulted to the defendant therefrom.

4. Where, in an action in case brought and tried against a husband and

wife, it is alleged as error that the action would not lie against the wife, the objection is well met by the fact that after the verdict an amendment was properly allowed striking the wife's name from the record.

5. A prior verdict and judgment in another action for injuries to the same property, may not be set up as a bar, when the pleadings disclose the fact that the two causes of action are for injuries to different portions of the property.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 77 July Term 1887, Sup. Ct.; court below, No. 62 September Term 1885, C. P.

On June 4, 1885, a summons in case was issued in an action by J. M. Hay against Charlotte Williams and Thomas Williams, her husband. The declaration averred the ownership and possession of the plaintiff of two certain parcels of land in Elklick township; No. 1 containing about 33 acres and 44 perches, adjoining land of the Salisbury & Baltimore Railroad & Coal Co., being a portion of a tract of 42.42 acres; and No. 2 containing about 241 acres, adjoining land of said company, parcel No. 1, and others; and charged that the said defendants, the said Charlotte acting of her own free will and not by compulsion of her husband, mined and removed the coal underlying specified portions of parcel No. 1, and specified portions of parcel No. 2, and that "said defendants wrongfully removed said coal, the natural support of said surface soil and so carelessly, negligently and unskilfully mined and removed the same, without leaving proper and sufficient pillars, ribs and supports, and without putting up sufficient supports, that the surface of the portion last above described caved in and sunk in deep hollows and holes, thereby greatly damaging the surface soil—in fact wholly destroying its usefulness and making it impossible to use, cultivate and enjoy the same, and by reason whereof said plaintiff sustained damages. . . . ."

To this declaration the defendants pleaded: (1) not guilty. (2) "And for a further plea in this behalf the defendants say that before the bringing of this present suit the said plaintiff impleaded the said defendants in the said court to No. 47, August Term 1883, in trespass on the case, in which said suit the said plaintiff recovered for the very same identical griev-

ances in this said declaration in this present suit mentioned, as by the records and proceedings thereof remaining in the said court will fully appear, and this the said defendants are ready to verify."

The plaintiff replied to this second plea, denying that he should be estopped, etc., because that he did not recover in the action to No. 47 August Term 1883, for the same grievances in the declaration in this present suit mentioned, but for injuries done by one John Williams impleaded in that cause with the defendants herein on other portions of plaintiff's land, and of this, etc.

At the trial on March 4, 1886, the plaintiff showed title to the surface of the tract of land containing 241 acres by deed from W. J. Baer, dated February 11, 1867, which had therein the following:

Reserving, however, to the use of the said W. J. Baer, his heirs and assigns forever, the full and perfect right and privilege of searching for, mining, procuring and taking away by such ways and means as to the said W. J. Baer, his heirs and assigns, may seem fit and practicable, all the coal, iron ore, metals, limestone, fire clay, and all other mineral substances whatsoever, whether solid or liquid, lying and being upon, under, and contained within the surface of the land hereinbefore mentioned and described, (exclusive of the three (3) acres around the buildings,) and the necessary right of way for the full exercise of privileges as aforesaid; Provided, however, that the said W. J. Baer, his heirs and assigns, in mining and removing the coals, iron ore and minerals aforesaid shall do as little damage to the surface as possible:

And title to the surface of the other tract, containing 42.42 acres, by deed from the Salisbury & Balt. R. & C. Co., dated June 17, 1872, which had therein the following:

The party of the first part reserves all the coal, iron ore, fire clay, and all the other minerals and mineral substances, both liquid and solid, under the surface of said land, except the limestone, which are hereby conveyed with the surface soil to the said party of the second part.

The plaintiff then put in evidence a mining lease, embracing the parcel containing 42.42 acres, from the Salisbury & Balt. R. & C. Co. to Thomas Williams, in trust for Charlotte

Williams, and John Williams, dated May 22, 1879, and proved the mining of coal by the defendant Thomas Williams, (John Williams having died about two years before,) out of the tract of 42.42 acres and out of the tract of 241 acres as well, resulting in the subsidence of the surface at different points in both parcels, and rested.

The defendants then offered in evidence the record of the trial of a former cause, J. M. Hay v. John Williams, Thomas Williams and Charlotte Williams, his wife, to No. 47 August Term 1883, which was admitted, the question raised to be determined subsequently, on a point.

The court, BAER, P. J., charged the jury and answered the points presented as follows:

This is an action on the case brought by J. M. Hay against these defendants, to recover damages for so mining and taking away the coal underlying his land as to cause the surface to subside and fall in, thereby causing him injury and damage. There is no pretence in this case that there was what would be called vindictiveness in what was done by the defendants. [ The damage resulted from the taking away of coal which the defendants had a right to take away, ] [8] and, if the evidence is believed, from not providing sufficient supports to support the surface. As no vindictiveness has been shown, the damages to be recovered here must be what are called actual damages, not exemplary or punitive damages, which are sometimes given to punish a man for a trespass.

In cases of this kind, where one man owns the surface and another owns the coal, each has a right to the enjoyment of his property  The one owning the surface has a right to occupy, use and enjoy it without any interference by the miner below, who must mine and bring his coal or other mineral to the surface without damage to the land. Of course he must support all the mine so that the surface is not interfered with. The man who owns the surface has a right to it, and the man who owns the coal is under obligations to take it out in such a way as to afford sufficient support to the surface.

The question involved in this case, after we shall answer the points, is one of fact, that is to say, what damages were sustained by the plaintiff in this case? That is a question for

you: The other questions in the case are questions of law for the court. What was the amount of damages that were sustained here? One side brings witnesses and the other side brings none. Each of these witnesses fixes damages which this plaintiff has sustained and assigns his reasons for fixing them as he does. There are two places where the land has been injured, one of which contains 40 rods, or one fourth of an acre, and the other 30 rods. Some of the witnesses give a reason for estimating these damages above the average rate per acre which the farm was worth, and among them, Mr. Keim, who says the whole farm was probably worth $125 an acre. You will look at all this evidence; and if, after hearing the charge, you come to the conclusion that damages are to be allowed, you will measure them in accordance with the charge which we shall give, confining yourselves, of course, to actual damages.

Now, in order that you may know the law that governs the case, we will answer the points, beginning with those of the plaintiff.

1. That if the jury shall find, from the evidence, that J. M. Hay is the owner of the surface and that the defendants or their employees mined, took and carried away the coal underlying the said surface, and that by reason of their mining and removing the coal from under the said surface, the surface caved, sunk or fell in, they are responsible for all damages caused thereby to the owner of the surface, without regard to the manner of mining, whether done skilfully or negligently. The owner of the surface is entitled to actual, absolute support of his land at the hands of the operator of the mines.

2. That if the jury shall find that the surface of a portion of plaintiff's land sunk, caved and fell in by reason of the removal of the coal from beneath it by the defendants, by not leaving sufficient, actual support, or not putting up sufficient posts and supports, the plaintiff is entitled to recover such damages as he has sustained by reason of the surface so destroyed, the additional fencing made necessary thereby, the symmetry of the fields as affected thereby, and as it affects the value of the balance of the tract of which the damaged surface is a part.

Answer: These two points are substantially the points that were raised before. They were answered together then, and we answer them together now. Our answer is as follows:

Where one grants the surface of land and reserves the coal and other minerals, as in the case on hand—a part of this was probably sold in that way, but in one deed at least the surface was bought and not the coal, but the principle is the same—in such a case an implied right of support to the surface passes with the grant to the grantee ; neither the grantor nor his lessee may mine or remove the coal or other minerals without leaving actual, absolute support to the surface, unless, by some apt words in the deed, the implied right to support is excepted from the grant. In that way the man owning this coal land could have sold it and granted the right to take the coal all out, so that the party to whom he sold the surface would not have received any compensation at all for the subsidence of the surface ; but that would depend on the manner in which the deed is drawn. In this case, as the deed is drawn, that rule does not apply. In the case on trial there is no such exception in the deed, and the right to surface support passed with the deed to Mr. Hay ; and the owner of the coal, or any one holding under him, must, therefore, in mining, leave sufficient support to sustain the surface. The surface belongs to the plaintiff, Hay ; the coal belongs to the defendants or those under whom they are mining. They may take all the coal, if they can do so without causing a subsidence of the surface ; but they must support the surface by actual, absolute support by leaving a sufficiency of ribs and pillars to hold it up, or by the coal itself ; and if they take it all out, they must provide actual and absolute support in some other way. The failure to sufficiently support the surface is negligence and renders the owners and workers of the mine liable for damages to the extent of the injuries sustained by the owner of the surface. The owner of a mine has a right to mine his coal in any ordinary manner, so long as he does no injury more than the injury which necessarily arises from the mere removal of the coal, independent of the caving in of the surface ; but in this case the skilfulness of the mining is not involved. The case turns upon the question whether the surface was sufficiently supported by actual support which holds up the surface and keeps it from subsiding. If the jury, from the evidence, find that the surface has not been kept up by actual and sufficient support, then damages follow. It is your business then to ascertain from this evidence

*Charge of Court below.*

what is reasonably and properly the amount of damages for the injury sustained.[1]

We have been asked to instruct you on some points, on the part of the defendants.

1. This being an action of case against Charlotte Williams, a married woman, under the pleadings and the evidence in the case, the verdict must be for the defendants. ·

Answer: This, so far as you are concerned, we refuse.[2]

2. The plaintiff having brought suit to No. 47 August Term 1883, against the defendants for damages done to a portion of the tract conveyed by the S. & B. R. & Coal Co. to the plaintiff by deed dated the 17th day of June, 1872, and recovered damages thereon for removing coal under a portion of said tract, and an inspection of the declaration in that case as also the declaration in this action disclosing the fact that it cannot be ascertained whether the damages now claimed are for the same injury received in the former suit, therefore the verdict must be for the defendants.

Answer: Refused.[3]

3. There being no evidence that any coal was mined under land of plaintiff since the commencement of the action brought to No. 47 August Term 1883, therefore the verdict must be for the defendants.

Answer: Refused.[4]

4. Under the pleadings and all the evidence in the case, the verdict must be for the defendants.

Answer: Refused.[5]

5. That inasmuch as the defendants had no right to enter upon the tract containing 241 acres, if they did enter upon said tract and mined coal, whereby the surface was let down as alleged in the plaintiff's narr, then they were trespassers, and they cannot be held for any damage done to said tract in this action, it being an action on the case.

Answer: These points we will attend to afterwards on a motion, so that so far as you are concerned, they are refused.[6]

That is all we have to say in this case, except to say that the measure of damages, as we have already indicated in what we have said, will be, first, the destruction or diminished value of the land itself, by reason of the subsidence or caving in of the surface, resulting from the removal of the coal and the failure

to support the surface; then the value of the additional fenc-
ing that may be required to enable the plaintiff to use the
remainder of his land and also such actual injury to the remain-
der of his land as has resulted directly, not from the mining of
the coal, but from the falling of the surface.   The depth to
which the surface has fallen is not material : you will look at
the injury; and if the land is entirely worthless, it matters not
whether it subsided ten feet or one hundred.   You will look
at the injury that has been sustained by the caving in, or sub-
siding, of the surface, so as to make it of no use to the plaint-
iff, or of less use than it was before; and, from all the evidence
in the case, you will ascertain the amount of damages he has
sustained.

The jury returned a verdict in favor of the plaintiff for
$250.   A motion for a new trial was entertained.   On Decem-
ber 21, 1886, pending this motion, the plaintiff's attorney
moved to amend the record by striking out the name of
Charlotte Williams before the words " and Thomas Williams,"
and after the name of Thomas Williams the words " her hus-
band," and the name of Charlotte Williams wherever it appears
in the pleadings.   On January 25, 1887, the court filed an
order overruling the motion for a new trial, making the rule
to amend absolute, and permitting the plaintiff to take judg-
ment as though the amendment had been made and allowed
before verdict, the costs of the term at which the verdict was
rendered to be paid by the plaintiff.[7]   Judgment having been
entered upon the verdict the defendant, Thomas Williams, took
this writ assigning as error:

1. The answer to plaintiff's points.[1]
2–6. The answers to the defendants' points.[2 to 6]
7. The allowance of the plaintiff's motion to amend.[7]
8. The part of the charge embraced in [ ][8]

*Mr. H. S. Endsley* and *Mr. W. H. Koontz* (with them *Mr.
W. H. Ruppel*), for the plaintiff in error:

1. From the terms of the reservation in the deed for the 241
acre tract, the right was reserved to mine all the coal, except
the three acres around the farm buildings, " by such ways and
means as to the said W. J. Baer, his heirs and assigns, may seem

fit," etc., provided, that in mining and removing the coal, they shall do "as little damage as possible." It is perfectly clear that some damage to the surface was contemplated, and that all the vendee stipulated for, was that as little injury be done the surface as possible. Wherefore, we submit that none of the cases heretofore ruled: Jones v. Wagner, 66 Pa. 429; Horner v. Watson, 79 Pa. 242; Coleman v. Chadwick, 80 Pa. 81; Carlin v. Chappel, 101 Pa. 348, govern this case, so far as said tract was concerned.

2. The lease under which the coal under the 42 acre tract was mined was to Thomas Williams, in trust for Charlotte Williams, his wife, and John Williams. As the suit was brought and tried, the real defendant was Charlotte Williams, with the manifest intention to charge her separate estate with the damages recovered. When the plaintiff found that upon the evidence no recovery could be had against the wife, it was too late to make the amendment allowed: Rehfuss v. Gross, 108 Pa. 521. And as Thomas Williams was not a lessee in his own right, there could be no recovery against him, as he could only be proceeded against as a trespasser. The amendment having been allowed, the ruling in Rehfuss v. Gross puts an end to the case.

3. The declaration in the former action to No. 47 August Term 1883, was for mining and removing coal under a portion of the 42 acre tract, with a description so vague that the portion alleged to have been injured can be located anywhere within the lines of the tract. The description in the second declaration is equally deficient. Evidence was admissible to show what transpired on the former trial and to explain the record, to establish that the cause of action had not passed in rem adjudicatam: Carmony v. Hoober, 5 Pa. 305. It will scarcely be pretended that the evidence in this case was sufficient to rebut the presumption raised by the first record, which therefore became conclusive and an estoppel: Alexander v. Stokely, 7 S. & R. 300; Kilheffer v. Herr, 17 S. & R. 319; Marsh v. Pier, 4 R. 273; Man v. Drexel, 2 Pa. 202; Souter v. Baymore, 7 Pa. 415; Logan v. Caffrey, 30 Pa. 196; Warner v. Scott, 39 Pa. 274.

4. There was no proof where the mining was done, except that it was done before the first suit was brought, in which a

large verdict for damages resulting in the removal of the coal was recovered. The fact that the subsidence did not appear until afterwards, cannot affect the defendant. The action was for negligently removing the coal and therefore the time when the work was done was an important question: Owen v. Western Saving Fund, 97 Pa. 47; Miller v. Wilson, 24 Pa. 120.

5. Even if case could be maintained for any mining done on the 42 acre tract, the jury should have been instructed to find for the injury done to that tract alone; but as the case went to the jury upon the evidence as to both tracts, and as the defendants were clearly trespassers upon one tract, the verdict, as we view it, cannot be sustained.

*Mr. Valentine Hay*, for the defendant in error:

1. Surface support is a part and parcel of the reserved estate; it is of common right, and hence must pass, if at all, by express grant, and it is not to be defeated by mere implication from language that does not import such an effect: Coleman v. Chadwick, 30 Pa. 80. In each case, the question is, did the parties agree there should be no obligation in regard to support? It is therefore apparent from all the authorities that unless the surface owner by express contract release his right to surface support from the mine owner, he is entitled to all damages that may be done to the surface owner by the mine owner or his lessees, without regard to the manner of mining, whether careful or negligent: Scranton v. Phillips, 94 Pa. 15; Jones v. Wagner, 66 Pa. 429; Horner v. Watson, 79 Pa. 242; Carlin v. Chappel, 101 Pa. 348; Bainbridge on Mines, 433.

2. Whilst the lease was in trust for Charlotte Williams and John Williams, the wife and son of Thomas Williams, Thomas Williams was the superintendent and manager under whose direction the mining was done that caused the injury. Charlotte Williams was no more the real party than was Thomas Williams. The amendment was perfectly proper in order that the merits of the case might be reached, for the liability of Thomas Williams had been fully shown on the trial: Steffy v. Carpenter, 37 Pa. 43; Trego v. Lewis, 58 Pa. 468; Ganzer v. Fricke, 57 Pa. 318; Act of April 16, 1846, P. L. 353; Act of April 12, 1858, P. L. 243; Rehfuss v. Gross, 108 Pa. 521.

3. The declaration in each case shows that the subject matter of the damages was not the same. In the first suit the recovery was for injuries to 1 acre and 140 rods, and in this suit, to 30⅔ rods. Moreover, the evidence on the last trial shows that nothing was claimed that was claimed or recovered in the first: Carmony v. Hoober, 5 Pa. 205. Actions on the case for consequential damages are not to be brought till the damages are developed: Campbell v. Boggs, 48 Pa. 525. No right of action exists until some actual damage has been sustained: 1 Add. on Torts, 101.

4. It is contended that, inasmuch as the defendant was neither the owner nor the lessee of the coal under the larger tract, the damage done to the superincumbent surface by his removal of the coal, could only be recovered in an action of trespass. This we think is not the law. That would be the remedy of the owner or lessee of the coal against him, for the force is direct and immediate to the coal, but not so as to the surface; to the surface the injury is consequential: 2 T. & H. Practice, 45; 1 Chitty's Pl., 125, n.; Keller v. Stoltz, 71 Pa. 356.

OPINION, MR. JUSTICE PAXSON:

It is settled law in this state that where one person owns the surface and another person owns the coal or other minerals lying underneath, the under or mineral estate owes a servitude of sufficient support to the upper or superincumbent estate. This principle has no application where the same person is the owner of both estates, nor does it apply where by the contract between the parties they have covenanted for a different rule. Like any other right, the owner of the surface may part with the right to support, by his deed or covenant: Jones v. Wagner, 66 Pa. 429; Horner v. Watson, 79 Pa. 242; Coleman v. Chadwick, 80 Pa. 81; Scranton v. Phillips, 94 Pa. 15; Carlin v. Chappel, 101 Pa. 348.

The defendant below contended that as to the tract of 241 acres the right to surface support was waived by the terms of the deed from W. J. Baer conveying the surface and reserving the right to the underlying coal. The words of the deed relied upon are as follows: "Provided, however, that the said W. J. Baer, his heirs and assigns, in mining and removing the

coals, iron ore, and minerals aforesaid, shall do as little damage to the surface as possible."

It was urged that this language implies that some damage would necessarily ensue to the surface in mining the coal. But an absolute right to surface support is not to be taken away by a mere implication from language which does not necessarily import such a result. The owner of the coal had certain surface rights which were indispensable to the carrying on of his mining operations, such as the right to go upon the surface to make explorations for the minerals beneath, and bore holes, sink shafts, drifts, etc., and the right to make roads and erect structures for taking out the coal. Hence it is a fair construction of the deed to say that in doing these things as little damage was to be done to the surface as possible. The provision referred to covers these matters, and as we have a subject to which it directly applies, it would be a strained interpretation of the deed to hold that it was intended to take away the right of surface support.

We are unable to see any force in the suggestion that the action should have been trespass instead of case. A technical objection of this nature comes with little force after a trial upon the merits, especially in cases where the party making it has received no injury thereby. Aside from this, the injury charged in the narr was of a purely consequential nature, being the subsidence of the surface, the result of not leaving sufficient props to support it.

The objection that the action would not lie against Mrs. Williams, because she was a married woman, need not be discussed, for the reason that the court below allowed an amendment by which her name was stricken from the record and the judgment allowed to stand against her husband alone. This amendment was properly allowed.

We are unable to see how the recovery in the first suit, No. 47 August Term 1883, can be set up as a bar to this action. An examination of the narr in each case does not show them to be for the same cause of action. On the contrary, they refer to different portions of the property.

The remaining assignments do not require discussion.

Judgment affirmed.