# Madden, Appellant, *v.* Lehigh Valley Coal Company.

212
1222        63
394

*Mines and mining—Surface support—Waiver of right to support contract.*

Where one person owns the surface and another person owns the coal or materials lying underneath, the under or mineral estate owes a servitude of sufficient support to the upper or superincumbent estate.  This principle has no application where the same person is the owner of both estates, nor does it apply where by the contract between the parties they have covenanted for a different rule.  Like any other right, the owner of the surface may part with the right to support, by his deed or covenant.

Where a conveyance of surface reserves to the grantor the right "to mine and take away the coal without making any compensation to the grantee his heirs or assigns, for any effect upon, or injury to the said lot or piece of ground, or the surface thereof, or to the buildings below the surface thereon, or to the building erected thereon in consequence of mining," the grantee has no right to surface support, and cannot recover for failure of support, even if that has been caused by negligent mining.

Argued April 13, 1905.   Appeal, No. 56, Jan. T., 1905, by plaintiff, from judgment of C. P. Columbia Co., Sept. T., 1905,

No. 4, for defendant on case stated in suit of Michael Madden v. Lehigh Valley Coal Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Case stated in action of trespass for failure to afford surface support. Before LITTLE, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for defendant on the case stated.

*Edward J. Flynn* and *L. S. Walter*, for appellant.

*S. P. Wolverton* and *Ikeler & Ikeler*, for appellee.

PER CURIAM, May 8, 1905 :

Plaintiff derived his title from the predecessor of defendant by a conveyance containing the following reservation : " excepting and reserving always, nevertheless, out and from the premises hereby granted, unto the said The Locust Mountain Coal and Iron Company, their successors and assigns forever, all coal, ore and minerals of every kind contained in and under the said lot of ground above described, or any part thereof, with the right for the said The Locust Mountain Coal and Iron Company, their successors and assigns, to mine and take away the same . . . . without making any compensation to the said Michael Madden, his heirs or assigns, for any effect upon, or injury to the said lot or piece of ground, or the surface thereof or to the buildings above described, below the surface thereof, or to the building thereon erected, in consequence of mining ; and reserving also to the said The Locust Mountain Coal and Iron Company, their successors and assigns, the right to pass through the said lot or piece of ground above described below the surface thereof in all directions, for all the purposes necessary or convenient in mining coal, ore, and minerals from the said lot, and also from any other land adjacent to the said lot or piece of ground above described, without liability for any effect upon the surface of said lot or piece of ground, or to the buildings erected thereon."

This case turns on the construction of that clause: It is conceded that in ordinary cases of horizontal severance of land, the subjacent estate even though without limit as to the right of

removal bears with it an obligation of support of the surface : Jones v. Wagner, 66 Pa. 429.   And such burden will not be escaped by implication from language not necessarily importing such result : Williams v. Hay, 120 Pa. 485.   In the latter case the law was clearly stated as follows : " It is settled in this state that where one person owns the surface and another person owns the coal or minerals lying underneath, the under or mineral estate owes a servitude of sufficient support to the upper or superincumbent estate.   This principle has no application where the same person is the owner of both estates, nor does it apply where by the contract between the parties they have covenanted for a different rule.   Like any other right, the owner of the surface may part with the right to support, by his deed or covenant."

The distinction made in the last part of this quotation was established in Scranton v. Phillips, 94 Pa. 15, and has not since been departed from.   That case conclusively rules this.

The plaintiff declared for negligence, in removing the pillars of coal whereby his land was left without adequate support. But this raised an immaterial issue.   The reservation of the coal and the right to remove it was not that it should be done carefully or in the usual course of proper mining, but the right was absolute to mine and take away " without making any compensation . . . . for any effect upon, or injury to the said lot or the surface thereof, or to the buildings," etc., in consequence of mining.   Avoidance of liability for injury to the surface however caused, by negligence or otherwise, was the very object of the reservation.   As to the coal and the method of its removal the land was reserved to the grantors, and their right remained as unqualified as if the conveyance to the plaintiff had never been made at all.   As already quoted from Williams v. Hay, the principle of surface support has no application where the same person is owner of both estates, nor where by contract the parties have covenanted for a different rule.   This is the doctrine of Scranton v. Phillips, 94 Pa. 15, and the reservation in the present case is at least as comprehensive as in that.

Appellant's counsel dwell on the hardship of the case.   But presumably he got his land cheaper by reason of this disadvantage and whether so or not that was his bargain.

Judgment affirmed.