CATRON et al. v. SOUTH BUTTE MINING CO.

(Circuit Court of Appeals, Ninth Circuit.　October 3, 1910.)

No. 1,811.

1. MINES AND MINERALS (§ 122*)—CONVEYANCE OF SURFACE—RIGHT TO SUPPORT.

Where the surface of land is owned by one, and the mineral beneath, with the right to extract the same, is owned by another, whether the two interests have been created by a conveyance of the surface with a reservation of the mineral, or by a grant of the mineral with a reservation of the surface, the owner of the mineral right is bound to protect the surface, unless the right to destroy the surface has been expressly reserved in terms so plain as to admit of no doubt.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 243; Dec. Dig. § 122.*]

2. MINES AND MINERALS (§ 122*)—CONVEYANCE OF SURFACE—DEEDS—PROVISIONS FOR SUPPORT—CONSTRUCTION.

Certain co-owners of a mining claim conveyed the surface by separate conveyances at different times; each deed reserving the minerals and the right to extract the same, and covenanting not to excavate nearer to the surface than 20 feet. One deed contained a covenant by the grantors to conduct their mining operations so as not to injure the surface rights conveyed, and so as to protect the surface for a depth of 20 feet thereunder. The other deed, while covenanting that the grantors should leave 20 feet below the surface of the ground for support, expressly provided that they did not obligate themselves to support or maintain the surface by timber or otherwise. Held, that neither deed absolved the grantors from their obligation, implied in the grant of the surface, so to conduct their mining operations that the surface should at all times be sustained.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 243; Dec. Dig. § 122.*]

3. MINES AND MINERALS (§ 125*)—ACTIONS—ISSUES AND PROOF—DECREE.

Complainant, the owner of the surface of a mining claim, sued to quiet title against the owners of the minerals; and they by answer alleged the mineral ownership, with the right to extract all ores therefrom, provided that the surface should not be damaged or in any way interfered with. Complainant, in answer to defendant's cross-bill, alleged its right to the surface and all country rock underlying the same to a depth of 20 feet, with the right to have the same undisturbed, damaged, or in any way interfered with by any of defendants' mining operations. Held, that a decree enjoining defendants from extracting the minerals in such a way as to injure the surface, and requiring them at all times to pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tect the surface, was not beyond the issues, under the rule that, in rendering a final decree the court may look to all the pleadings in the case to determine the issues created.

[Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 125.*]

Appeal from the Circuit Court of the United States for the District of Montana.

Suit by the South Butte Mining Company against Lulu F. Largey Catron, as administratrix of the estate of Patrick A. Largey, deceased, and others. From a decree for complainant, defendants appeal. Affirmed.

On February 23, 1902, patent was issued to Patrick A. Largey, Noah Armstrong, and the heirs of Robert P. Hopkins, for the Otisco lode mining claim. Thereafter, Armstrong conveyed his interest to Largey, and on July 19, 1896, Largey and his wife executed to Emery, Colbert, and Tong, a deed for their undivided two-thirds interest in "the following described surface ground of the Otisco mining claim." Then followed the description of the portion conveyed, and the following: "It being understood that the surface only is hereby conveyed, and that all minerals and metals and ores below the surface, with the right to mine, prospect for, and extract the same, is hereby reserved to the parties of the first part, their heirs, representatives, and assigns, and excepted and excluded from and not passed by this conveyance. But the said parties of the first part, their heirs, representatives, and assigns, covenant and agree that they will not mine or excavate under the surface of that portion of the lot above described, and which is covered by the said Otisco lode, nearer to the surface than twenty (20) feet from the present surface of the ground, but will, in their mining operations, leave twenty (20) feet below the present surface of the ground for support. But they do not obligate themselves, or their heirs, representatives, or assigns, to support or maintain the said twenty (20) feet by timbers or otherwise, but only not to mine or excavate within twenty (20) feet of the present surface." Thereafter the Montana Central Railway Company, which had acquired the interest of Colbert, Emery, and Tong under said deed from Largey and wife, procured a conveyance from the heirs of Robert P. Hopkins, deceased, and later conveyed its interest to the South Butte Mining Company, the appellee herein. The deed from the heirs of Hopkins to the Montana Central Railway Company contained the following provision: "And the said parties of the first part, for themselves, their heirs, personal representatives, and assigns, covenant and agree that they will not mine or excavate under the surface of that portion of the said Otisco lode claim which is hereinbefore described, and hereby conveyed, nearer to the surface thereof than twenty (20) feet, but will so conduct their mining operations as not to injure the surface rights hereby conveyed, and so as to at all times abundantly protect said surface with a depth of twenty (20) feet thereunder."

The appellee, as complainant in the court below, brought the present suit to quiet its title as against the claims of the heirs at law of Patrick A. Largey, deceased, the appellants herein, and others. In its amended and supplemental bill, after describing the portion of the surface ground of the lode claim conveyed by Largey and wife to Emery, Tong, and Colbert, it proceeds to allege: "That there is excepted from the land herein described all the ore, quartz, and rock in place, lying beneath the surface and within the limits of the Otisco mining claim." All of the defendants in their answers and cross-bills asserted a claim of title in and to a portion of the lands described in the bill. Upon the issues made, the court below entered a decree, adjudging that the appellee is the owner in fee of the surface of the said land, together with the right to have the said surface, with 20 feet underlying the same, undisturbed by mining operations or otherwise, and also is the owner of the right to subjacent support for the said surface; that as to said lands a portion of the defendants (the appellants herein) are the owners of an undivided two-thirds interest in and to all the ores, leads, lodes, veins, and ledges, and all the minerals in the same, and the decree contains the

further provision: "Should mining operations be conducted underneath the said surface by the said defendants, or any of them, or their servants, agents, or successors in interest, they shall so conduct their mining operations as not to injure the said surface right, and so as to at all times abundantly protect said surface with a depth of twenty (20) feet thereunder."

McBride & McBride, T. W. Nowlin, and Crittenden Thornton, for appellants.

John A. Shelton, for appellee.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The assignments of error bring in question the correctness of the decree in giving the appellee the right of subjacent support for the surface of its land and 20 feet thereunder, and requiring the appellants so to conduct their mining operations as not to injure the same. The appellants, the Largey heirs, owning two-thirds of the lode claim, and the Hopkins heirs, owning the other one-third, deeded by separate conveyances, at different dates, their interests in the surface ground to the grantors of the appellee, reserving in each deed the minerals and the right to extract the same, and covenanting not to mine or excavate nearer to the surface than 20 feet; the Hopkins heirs covenanting to conduct their mining operations so as not to injure the surface rights conveyed, and so as to protect the surface with a depth of 20 feet thereunder, and the Largey heirs covenanting to "leave twenty feet below the present surface of the ground for support," but declaring that they did not obligate themselves to support or maintain the said 20 feet by timber or otherwise. The appellants contend that by the insertion of this last clause in their deed they are absolved from any positive duty of protecting the surface.

When the surface of land is owned by one, and the mineral beneath, with the right to extract the same, is owned by another, it is immaterial whether the two interests have been created by a conveyance of the surface with a reservation of the mineral, or by a grant of the mineral with a reservation of the surface. In either case the obligation to protect the surface is the same. Dand v. Kingscote, 7 M. & W. 174; Marvin v. Brewster Iron Min. Co., 55 N. Y. 538, 14 Am. Rep. 322; Lord v. Carbon Iron Mfg. Co., 42 N. J. Eq. 157, 6 Atl. 812. And it is well settled that the grant of the surface, with a reservation of the minerals and the right to extract the same, does not permit the destruction of the surface, unless the right to do so has been expressed in terms so plain as to admit of no doubt. Madden v. Lehigh Valley Coal Co., 212 Pa. 63, 61 Atl. 559; Williams v. Hay, 120 Pa. 485, 14 Atl. 379, 6 Am. St. Rep. 719; Coleman v. Chadwick, 80 Pa. 81, 21 Am. Rep. 93; Jones v. Wagner, 66 Pa. 429, 5 Am. Rep. 385; Burgner v. Humphrey, 41 Ohio St. 340; Livingston v. Moingona Coal Co., 49 Iowa, 369, 31 Am. Rep. 150; Collins v. Gleason Coal Co., 140 Iowa, 114, 115 N. W. 497, 18 L. R. A. (N. S.) 736; 2 Lindley on Mines, § 818; 27 Cyc. 687, 788.

In Williams v. Hay it was held that a covenant to protect the surface will be implied in the absence of all words to that effect, and solely from the nature of the transaction. In that case the deed provided

that the grantor, in mining and removing mineral, "shall do as little damage·to ´the surface as possible." It was contended that by these words there was granted the power to destroy the surface; but the court said that an absolute right to surface support was not to be taken away by a mere implication from language which did not necessarily import such a result. So in Burgner v. Humphrey the court held that a mining lease, in which it was stipulated that no mining operations should extend to or be so near the dwelling house or barn on the leased land as to injure the same, did not by implication give the lessee the right to injure the surface elsewhere; and in Livingston v. Moingona Coal Co., where there was a reservation of minerals and the right to mine the same, "without thereby incurring in any event whatever any liability for injury caused or damage done to the surface of the land in working coal mines, minerals," etc., the court held that the grantors were bound to support the surface, and that the intention to dispense with subjacent support had not been manifested by clear and unequivocal language. In Davis v. Treharne, 6 Law Reports, 460, Lord Watson said:

"When a proprietor of the surface and the subjacent strata grants a lease to the whole or part of his minerals to a tenant, I think it is an implied term of that contract that support shall be given in the course of working to the surface of the land. If it is not intended that that right should be reserved, the parties must make it very clear upon the face of the contract."

Upon a careful consideration of the language of the deed of the appellants, in the light of the authorities, we are not convinced that the trial court erred in holding that the grantors therein were not absolved from the obligation to support the surface. That obligation, as we have seen, was implied in the grant itself. To qualify that obligation, the grantors stipulated that they did not bind themselves or their representatives or assigns to support or maintain the said 20 feet by timbers or otherwise, but only not to mine or excavate within 20 feet of the present surface. All that they can claim from these words of the deed is that they shall not be called upon to support by timbers or other artificial means the superincumbent 20 feet. They are not thereby absolved from their obligation, which is implied in the grant of the surface, so to conduct their mining operations that the surface shall at all times be sustained. This is all that the decree requires them to do.

The appellant contends that the decree is not supported by the bill, that the appellee seeks by its bill a decree quieting its title to the surface of the land in controversy, and that a complainant cannot, in a suit to quiet title to the surface only, obtain a decree enjoining defendants, who are admitted to own the minerals beneath the surface, from extracting the same in any way, especially in the absence of special allegations to justify such relief. It is true that the bill, so far as the Otisco mining claim is concerned, seeks only to quiet the appellee's title to a portion of the surface; but the court, in rendering a final decree, could properly look to all the pleadings in the case, and the issues thereby created. In the answer of the appellants to the amended and supplemental bill they alleged their ownership to the minerals lying beneath that portion of the surface of the Otisco claim described in the bill, with the right to mine and extract all ores therefrom, "pro-

vided that, in the exercise of such right, the surface of said ground shall not be damaged or in any wise interfered with"; and in its answer to the cross-bill of the appellants the appellee alleged its right to the surface, and all country rock underlying the same, and all of the ground within 20 feet underlying the same, "undisturbed, damaged, or in any way interfered with by any mining operations which may be carried on," etc., beneath the said 20 feet. The trial court, therefore, did not go beyond the issues in the case in awarding the appellee the relief which is specified in the decree.

The decree is affirmed.