## S. J. TRICE VS. J. M. C. JONES.

1. APPEAL FROM JUSTICE'S COURT: *Affidavit. Form of certificate.*
   An affidavit for an appeal from the judgment of a justice of the peace which
      contains in the certificate of the justice the words "Given under my hand and
      seal," instead of the usual and stereotyped formula "Sworn to and subscribed
      before me," is sufficient.

ERROR to the Circuit Court of *Wayne* County.

Hon. WM. M. HANCOCK, Judge.

The only facts necessary to a full understanding of this case
are stated in the opinion of the court.

The errors assigned are as follows:

1. Because the court erred in dismissing plaintiff's appeal.

2. Because the court erred in holding that plaintiff's affi-
davit for an appeal was not made in due form of law.

*J. D. Freeman, M. E. Morris,* and *S. H. Terrell,* for
plaintiff in error:

This was an action of replevin under the Code, 1871, § 1530.
Judgment for plaintiff for $25 damages and costs. Affidavit
for appeal to the circuit court. As to the sufficiency of the
affidavit, see Reders *v.* Wofford, 4 S. & M., 569; Brooks *v.*
Smeed, 50 Miss., 416; Broom's Legal Maxims, p. 428;
De Ford *v.* Furnis, 43 Miss., 134; 4 S. & M., 580, 581; see
Code of 1871, § 1529; Lewis *v.* Farish & Stamps, 1 How.
(Miss.), 547.

CAMPBELL J., delivered the opinion of the court.

Trice sued Jones in replevin for a mule, before a justice of
the peace, and on trial Jones obtained judgment against Trice
for $25 damages, from which Trice appealed to the circuit
court. This appeal was dismissed, on motion of Jones, for
want of such an affidavit as the statute requires, and Trice
prosecuted a writ of error to the judgment dismissing his
appeal. An inspection of the affidavit made by Trice for his
appeal shows nothing unusual in it except that instead of
the stereotyped formula, "Sworn to and subscribed before me,"

the justice certified the making of the affidavit by these words,. viz., "Given under my hand and seal," etc.

To sustain such an objection would justly bring judicial proceedings into contempt, and we cannot suppose that it was on this ground that the motion to dismiss the appeal was sus— tained. The affidavit conforms to the statute, and we fail to· discover why it was held insufficient, and, if insufficient, why it was not permitted to be amended.

The judgment dismissing said appeal will be reversed, and. the case remanded to be tried in the circuit court as though. no dismissal of the appeal had occurred.