## James Pringle *v.* Vesta Coal Co., Appellant.

*Mines and mining—Surface support—Pleading—Evidence.*

Where there has been a separation of the coal from the surface, the owner of the latter, in the absence of agreement to the contrary, has an absolute right to have it supported precisely as it was in its natural state.

If the owner of the coal in pursuance of his rights undertakes to mine and remove it, and damage results to the surface either (*a*) from negligence in conducting his mining operations, or (*b*) from failure to properly and sufficiently support the surface, or (*c*) from both these causes combined, the surface owner is entitled to recover compensation for such injury as he may have sustained.

Where in such a case the plaintiff avers in his statement that the injuries complained of were the result of two causes, negligent mining, and defendant's failure to provide proper surface support, it is competent for him to prove on the trial that the injuries resulted from both of these causes combined, or from either of them separately.

Argued Oct. 22, 1895. Appeal, No. 170, Oct. T., 1895, by defendant, from judgment of C. P. Washington Co., May T., 1894, No. 192, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for injuries to surface as the result of removal of coal. Before McILVAINE, P. J.

Plaintiff averred in his statement as follows:

Said plaintiff is the owner of a tract of surface land, containing about fifty-one acres, and overlying the coal works or mines of the defendant, in Allen township, Washington county, Pa., on which tract of land, prior to the committing of the trespasses hereinafter complained of, there were a well and three never-failing springs of water. The surface of said tract was suitable for grazing and agricultural purposes and was so used by said plaintiff. There was also on said tract a two story brick dwelling house thirty-three by eighteen feet with cellar underneath, all in good repair and the walls perfectly sound. Plaintiff further states that said defendant negligently and carelessly mined out the coal underlying said tract of land, whereby the said well and springs thereon were taken away and destroyed, the said surface cracked and damaged, and the walls of the said dwelling house also cracked and damaged. Plaintiff also states that said defendant mined out the coal underlying said surface and took away the natural support thereof and allowed the same to be and remain without support, either natural or artificial, whereby the plaintiff's said surface has been caused to settle and crack, taking away and destroying the said well and three springs and leaving the said surface destitute of the water which is necessary thereon for domestic and grazing purposes, and rendering said surface unsafe for grazing purposes ; and injuring and damaging said surface for agricultural and any other purposes for which the same is available. Plaintiff also states that by reason of the lack of support to said surface as afore-

said, the foundation and house walls of said dwelling house have been caused to crack in numerous places, whereby the said walls have been thrown out of plumb and said house rendered unsafe for use as a dwelling and otherwise damaged.

At the trial, evidence for the plaintiff tended to sustain the averments of the statement.

Plaintiff's point among others was as follows:

2. If the jury find from all the evidence that the defendant mined out the coal underneath the plaintiff's surface, and that by reason of such mining and a lack of sufficient support consequent thereon said surface was caused to settle and crack and the plaintiff thereby damaged, then their verdict must be for the plaintiff for an amount that will compensate him for the injury he has shown that he has sustained, regardless of whether the mining was carefully done according to the usual practice of mining. *Answer:* Affirmed. [2]

Defendant's points among others were as follows:

5. The averment in the plaintiff's statement being that the coal under the plaintiff's surface land had been carelessly and negligently mined out whereby the said three springs thereon were taken away and destroyed and whereby the plaintiff's said surface has been caused to settle and crack, it is incumbent on the plaintiff to prove that the injury alleged is directly attributable to the alleged negligent and careless mining ; and there being no such proof, the verdict must be for the defendant. *Answer:* Refused. [3]

6. The injuries of which plaintiff complains in this case being alleged by him to have been the result of negligent and careless mining operations of the defendant in the taking out of the coal owned by it beneath the surface of the land owned by the plaintiff, there can be no recovery of damages by the plaintiff without some evidence that the alleged negligent and careless mining was the direct and immediate cause of said injuries ; and there being no such evidence, the verdict must be for the defendant. *Answer:* Refused. [4]

Verdict and judgment for plaintiff for $1,570. Defendant appealed.

*Errors assigned* were (2–4) above instructions, quoting them.

*H. M. Dougan* and *John D. McKennan,* for appellant.—The failure of a coal mine operator to leave a sufficient support to the superincumbent surface is negligence, and may be so declared upon: Jones v. Wagner, 66 Pa. 434; Carlin v. Chappel, 101 Pa. 353; Lentz v. Chateau, 42 Pa. 435; Erie R. R. Co. v. Hummell, 27 Pa. 106. But the plaintiff here has not so pleaded.

The court was justified in submitting to the jury the question of the amount of compensation to be given to the plaintiff: Hoag v. Lake Shore & Michigan Southern R. R., 85 Pa. 298; R. R. Co. v. Kerr, 62 Pa. 353; R. R. v. Hope, 80 Pa. 373.

Upon an admitted state of facts it is the duty of the court to declare the law: Nagle v. Allegheny Valley R. R. Co., 88 Pa. 38; King v. Thompson et ux., 87 Pa. 369; West Mahanoy v. Watson, 112 Pa. 577; Pittsburg So. Ry. v. Taylor, 104 Pa. 315; Koons v. Western Union Tel. Co., 102 Pa. 170; Pass. Ry. Co. v. Trich, 117 Pa. 399; Haverly v. Railroad Co., 135 Pa. 50; Worrilow v. Upper Chichester Twp., 149 Pa. 45.

*Winfield McIlvaine,* for appellee.—If the owner of the coal undertakes to mine and remove it, as he has a perfect right to do, and damage to the surface results from either, or both combined, of two causes, to wit: (1) Negligence in conducting the mining operations; (2) a failure to properly and sufficiently support the surface, in an action thereon the surface owner is entitled to recover compensation for such injury as he may show that he has sustained: Collins v. Gas Co., 131 Pa. 143; Carlin v. Chappell, 101 Pa. 348.

PER CURIAM, January 6, 1896:

The subjects of complaint in the first three specifications of error, are the affirmance of plaintiff's requests for charge recited therein respectively.

The testimony, properly before the jury, tended to prove the facts of which these three propositions are severally predicated, and, having been submitted to them in a clear, correct and comprehensive charge, their verdict necessarily implies a finding of said facts substantially as stated. As to the law involved in these propositions, it is scarcely necessary to say that it has been well settled in a line of cases, commencing with Jones v. Wagner, 66 Pa. 429, to which it is our purpose to adhere. In

that and other cases following in its wake, it has been uniformly held, that where there has been a separation of the coal from the surface, the owner of the latter, in the absence of agreement to the contrary, has an absolute right to have his surface supported precisely as it was in its natural state. If the owner of the coal undertakes to mine and remove it,—as he has an undoubted right to do,—and damage results to the surface, either (*a*) from negligence in conducting his mining operations, or (*b*) from failure to properly and sufficiently support the surface, or (*c*) from both these causes combined, the surface owner is entitled to recover compensation for such injury as he may show he has sustained: Jones v. Wagner, supra; Horner v. Watson, 79 Pa. 242; Coleman v. Chadwick, 80 Pa. 81; Carlin v. Chappel, 101 Pa. 348.

In stating his claim plaintiff substantially avers that the injuries of which he complains were the result of two causes, negligent mining, and defendant's failure to provide proper surface support. It was competent for him to prove on the trial that said injuries resulted from both of these causes combined, or from either of them separately. An examination of the testimony shows that it tended to prove all the material averments contained in the statement. It involved questions of fact which were for the exclusive consideration of the jury, and to them it was fairly submitted with properly guarded and adequate instructions. There was no error in refusing to affirm either of defendant's points for charge recited in the remaining specifications.

Judgment affirmed.