CHAS. E. HAMPTON et ux., Respondents, v. KANSAS CITY, Appellant.

**Kansas City Court of Appeals, March 7, 1898.**

Damages: MEASURE OF: CHANGE OF STREET GRADE: INTEREST. The damages for injury to abutting property by change of grade in a street is an estimate of the injury at that time, and interest on such damages may be allowed from such time.

VOL. 74 app—9

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, JUDGE.

AFFIRMED.

L. A. LAUGHLIN for appellant.

(1) With regard to personal property there is a long line of decisions in this state that in actions of trespass for the conversion or seizure of personal property, interest should be allowed on its value from the date of the conversion up to the time of trial and mandatory instructions to the jury of this kind have been approved. Walker v. Borland, 21 Mo. 289; State ex rel. v. Smith, 31 Mo. 566; Spencer v. Vance, 57 Mo. 427; Kamerick v. Castleman, 29 Mo. App. 658; State ex rel. v. Gage Bros. & Co., 52 Mo. App. 464; Baker v. R'y, 52 Mo. App. 602; Watson v. Harmon, 85 Mo. 443; State to use v. Bacon, 24 Mo. App. 403; Eichelmann v. Weiss, 7 Mo. App. 87; Hendricks v. Evans, 46 Mo. App. 313; Stevens v. Springer, 23 Mo. App. 375; Nance v. Metcalf, 19 Mo. App. 183. As was noticed by Judge Smith in Padley v. Catterlin, 64 Mo. App. 629, these decisions are disturbed by the supreme court in the recent case of State ex rel. v. Hope, 121 Mo. 34–40. R. S. 1889, sec. 4430; Ferry Co. v. R'y, 128 Mo. 224, 255. (2) It has also been held that where land has been taken by another, interest should be allowed from the time of taking. Webster v. R. R., 116 Mo. 114. (3) On the other hand, it has been held that interest is not allowable in actions of negligence where no benefit could possibly have accrued to the defendant by the negligence which occasioned the destruction of the property. Cases where property was destroyed by fire caused by sparks escaping from a locomotive: Kenny v. R. R., 63 Mo. 99; Atkinson v. R. R., 63 Mo. 367; DeSteiger v. R. R., 73 Mo. 33; Meyer v. R. R., 64 Mo. 542;

Kimes v. R. R., 85 Mo. 611; Marshall v Schricker, 63 Mo 308; Brink v. R. R., 17 Mo. App. 177; Damhorst v. R'y, 32 Mo. App. 350; Millinery Co. v. R'y, 59 Mo. App. 668; State ex rel. v. Harrington, 44 Mo. App. 297. (4) A seeming exception is made in actions of negligence against common carriers growing out of the transportation of goods and chattels, possibly because negligence in such cases amounts to a conversion. Dunn v. R. R., 68 Mo. 268; Gray v. Packet Co., 64 Mo. 47; Atkinson v. Steamboat, 28 Mo. 124. (5) From the foregoing cases, the rule can be deduced that where a plaintiff is deprived of the dominion over or use of his property, either real or personal, and the same is taken by defendant and used by the latter, plaintiff should be allowed interest as an element of damage. But if plaintiff retains the dominion over and use of his property, and it is simply damaged, or if destroyed by the negligence of defendant, no benefit accrues to the latter because of its destruction, then interest is not allowed as an element of damage; at least, no mandatory instruction to allow it should be given, as was done in the case at bar. We are unable to find any decision where interest has been allowed as an element of damage in an action for damages to real property caused by a change of grade of a street. The case of Brink v. R. R., 17 Mo. App. 177, where an instruction allowing interest was condemned by this court in an action for damages for flooding plaintiff's land, destroying crops and fences, more nearly approaches the facts in the case at bar than any we can find.

LATHROP, MORROW, FOX & MOORE for respondent.

(1) Plaintiff's right to damages depends upon section 21 of article 2, of the state constitution, "Private property shall not be taken or damaged for public

use without just compensation." The words "or damaged" in the above quotation first appeared in our constitution in 1875. Before that time no right of action accrued to a property owner whose property was damaged by reason of public improvements. If property was taken, the owner was entitled to reimbursement, but as long as it was left intact, however much it might be damaged, he was remediless. These words "or damaged," with the context are the foundation of this plaintiff's action. Werth v. Springfield, 78 Mo. 107; Stewart v. Clinton, 79 Mo. 603; Sheehy v. R'y, 94 Mo. 574; Gibson v. Owens, 115 Mo. 258; Householder v. Kansas City, 83 Mo. 448; Hickman v. Kansas City, 120 Mo. 110. (2) The conclusion is irresistible that the constitutional convention, when drafting the new constitution, and the people of the state, when they adopted it, intended that the same rules should be applied to both the taking and the damaging. Our supreme court has given it judicial approval. Hickman v. Kansas City, 120 Mo. 110; Kansas City v. Morton, 107 Mo. 446; McElroy v. Kansas City, 21 Fed. Rep. 259. (3) Defendant's charter provides a speedy means for assessing damages in cases of this class. This remedy or proceeding defendant declined to pursue. Had it done so plaintiff would have been entitled to interest on her award, if for any reason she had been delayed in recovering it. Plum v. City, 101 Mo. 525. (4) If one whose property is taken should receive interest on his loss from the time of the taking, that is from the time the loss accrued, so one whose property is damaged should receive interest on his loss from the time his realty is damaged, for that is the time his loss accrued. Webster v. R'y, 116 Mo. 114. This rule finds ample encouragement in the decisions of other states. Phillips v. Comr's, 119 Ill. 626; Drury v. R. R., 127

Mass. 585; Cohen v. R. R., 34 Kan. 158; R. R. v. Mc-
Comb, 60 Me. 290.

ELLISON, J.—This is an action instituted by plain-
tiffs to recover damages done to their real property by
the defendant city in changing the grade of the street
in front of said property. The judgment was for
plaintiffs. The sole ground of defendant's appeal is
on the assignment that the trial court erred in direct-
ing the jury to allow interest from the date the damage
was done down to the time of the trial.

The interest allowed plaintiffs was compensatory
and was in no respect a penalty. The damages allowed
were such damages as plaintiffs' property suffered at
the date of the change of the grade. At
that time defendant justly owed plain-
tiffs reimbursement in an amount equal
to the damage done. It was an obliga-
tion which the defendant should have discharged at
that time. It chose not to do so. It elected not only
not to discharge the obligation but to litigate plaintiff's
right, thus increasing the delay to the injury of the
plaintiffs. There is a class of cases which allow inter-
est when the land has been *taken* from the owner and
assign as a reason that the party taking the land has
had the use of it. But that reason is not the only one
which should suggest the allowance of interest. The
injury to the other party must be compensated. The
injury to the property is based on an estimate at time
of injury. If he is deprived of the sum thus estimated,
he is deprived of complete compensation unless he
receives interest.

It has been ruled in this state that where the land
has been taken or appropriated by another, interest
should be allowed from the time of taking. Webster
v. R'y, 116 Mo. 114. But a distinction between a

DAMAGES: meas-
ure of: change of
street grade:
interest.

taking of the land and a damage to the land is contended for.   We think there can not fairly be a distinction so far as it concerns compensation to the injured party.   And it has been decided by the supreme court that the standard for the measurement of damages was the same, whether the property be taken or be merely damaged.   Hickman v. Kansas City, 120 Mo. 110.   While no question of the allowance of interest was involved in that case, yet it is clear that the basis of compensation is stated to be the same in either case.   As bearing out generally the views herein expressed, see R. R. v. McComb, 60 Me. 290;   Phillips v. South Park, 119 Ill. 626;   Drury v. R'y, 127 Mass. 585;   Cohen v. R'y, 34 Kan. 158.

The result of what we have said is to affirm the judgment and it is so ordered.   All concur.