E. A. THOMPSON, Administrator of Estate of W. R. Thompson, Deceased, Substituted Plaintiff, Appellee, v. KEOKUK AND WESTERN RAILROAD COMPANY, Appellant.

| 116 | 215 |
| 127 | 424 |
| 116 | 215 |
| 140 | 122 |

**Damage by Fire:**  EVIDENCE.  Plaintiff was properly allowed to testify as to how much of his farm was in cultivation.

*Harmless error.* The admission of evidence that plaintiff had partially replaced the hedge fence destroyed by the fire, if erroneous was not prejudicial, where the court's instructions on the measure of damages did not permit a recovery for the expenses of replacing the fence.

Same. Testimony as to the value of the farm before and after the
4  fire, although largely based on the cost of replacing the fences
destroyed, was not erroneous.

Same:  *Competency of witness.*  A witness who testified to having
had experience with timothy meadows, and knew the cost of
restoring them, and who had lived for over thirty years a
5  little over a mile from plaintiff's farm, and was familiar with
it, was qualified to testify as to the cost of restoring plaintiff's
meadow, destroyed by fire.

Negligence:  *Jury question.*  Defendant conceded that sparks
from its locomotive engines set fire to plaintiff's property but
introduced evidence that the engine was equipped with the
1  best spark arresters, which were in proper repair and that the
engine · was in charge of competent employes, and operated
with due care.  Plaintiff's evidence tended to show that one of
the two ·engines attached to the train was not properly
equipped and managed.  *Held,* that the question of defendant's
negligence was for the jury.

*Appeal from Appanoose District Court.*—Hon. Frank W.
Eichelberger, Judge.

Wednesday, April 9, 1902.

Action at law to recover damages for injuries done
to property of plaintiff's intestate through a fire set out by
an engine operated by the defendant company.  Trial to a
jury.  Verdict and judgment for plaintiff's intestate, and
defendant appeals.—*Affirmed.*

*Baker & Baker* for appellant.

*A. F. Thompson* for appellee.

Deemer, J.—That an engine set out the fire which it
is claimed injured and destroyed the property of plaintiff's
intestate is practically conceded, but defendant contends that
the testimony shows without dispute that the fire was not
the result of any neglect or want of care on its part.
1  There was evidence to the effect that the engine
was equipped with the best appliances for arresting

sparks, that proper care was exercised by defendant to keep these equipments in repair, that the engine was in charge of competent employes, and that it was operated with due care. On the other hand, there was the presumption of negligence growing out of the fact that a fire was set out (*Greenfield v. Railroad Co.*, 83 Iowa, 270) and further evidence to the effect that one of the engines attached to the train (there being two) was not properly equipped, and that one of them (the one which it is claimed set out the fire) was not properly managed. In the light of this record, it is apparent that the case was properly submitted to the jury, and that the verdict has such support that we should not interfere.

Plaintiff testified that the fire destroyed a hedge fence and a meadow, and otherwise injured his land. He was asked what he did by way of replacing the fence, and, over defendant's objection, answered "that he replaced it along the lane, on the east side." As the rule given by the court for the admeasurement of damages did not permit recovery for expense in replacing the hedge fence, the ruling, even if erroneous, was without prejudice.

Plaintiff was also asked as to how much of his 250-acre farm was in cultivation. This was also objected to, but the objection was overruled, and the witness answered: "About 200 acres. The other is in timber and pasture." There was no error in this ruling. The condition of the farm and its manner of operation was a pertinent matter of inquiry.

Witnesses who showed themselves competent were asked to give their opinion as to the value of the farm both before and after the fire. This they stated in unequivocal language. On cross-examination it was shown that they based their opinions largely but not entirely, on what it would cost to reproduce the fence destroyed. Defendant then moved to strike out the entire answers of the witnesses, for the reason that they were not based on a

proper measure.    The motion was overruled and exception taken.    While it is true that the measure of damage in such cases is the difference in the market value of the farm before and after the destruction of the hedge fence by fire (*Rowe v. Railway Co.,* 102 Iowa, 286; *Bradley v. Railway Co.,* 111 Iowa, 562), yet we have never held that the witness, may not, in fixing that value, take into account, among other things, the value of the hedge, and the cost of reproducing the same.    If the fair market value, in the opinion of the witnesses, is decreased, by the value of the hedge, we see no reason for striking out the evidence.    Such fact may be considered as bearing on the weight to be given it, but does not render their opinions incompetent.    The court gave the true rule for estimating the damages in such cases, and there was no error in overruling the motion to strike.

Another witness was asked as to what it would be worth, in his opinion, to replace the meadow, which it is claimed was destroyed by the fire.    Objection was made that the witness was not competent, because not familiar with the premises.    The witness testified that he had had experience with timothy meadows, and knew what it was worth to restore them; that he owned land in the vicinity, and had lived $1\frac{1}{4}$ miles from plaintiff's land for 31 years, and was familiar with it.    He was then asked the question objected to, which was hypothetical in character, and based on the assumption that there were two good crops of hay obtained from the land during the two previous years, and that the meadow was totally destroyed.    Manifestly, he had shown sufficient competency to be a witness on the cost of restoration.

An instruction asked by defendant was refused.    As the court gave the true rule with reference to defendant's liability, as announced in the *Rowe Case, supra,* there was no error.

There is no prejudicial error in the record, and the judgment is AFFIRMED.