JAMES M. BLACK v. THE MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellant.

Railroads: DAMAGE BY FIRE: MEASURE OF. In an action for damage caused by fire to part of a meadow, the measure of damage is the cost of re-seeding and the rental value of the land for the purpose for which it was used during the time for which it was rendered unproductive.

Evidence: DAMAGES. In determining the damage to a portion of a meadow injured by fire, it is competent to show what its unburned portions actually produce during the season.

**Damages:** INTEREST.   Interest may be added to the actual damages sustained at the time of a loss by fire.

**Evidence:**   In an action for the burning of hay situated some distance from the track, by sparks from an engine, it is competent to show that other similar engines of defendant had been seen to throw sparks an equal distance.

**Evidence.**   Evidence that plaintiff's hay was on fire shortly after defendant's engine passed and that a strong wind was blowing from the direction of the track, is sufficient to support a finding that the fire was set by the locomotive.

**Double Damages.**   In an action for the value of an animal killed by a train, a concession of plaintiff's counsel that he was not entitled to double damages under the statute, did not estop him from afterwards claiming the same, it being a statutory right and not based upon the evidence.

**Double Damages:**   NOTICE OF CLAIM.   A notice under Code, section 2055 which mis-describes a "railroad" company as a "railway" company, is not such a mis-description as will avoid the notice.

**Notary:**   JUDICIAL NOTICE.   The court will take judicial notice that the person whose name appears to the jurat was a notary for the county named and that he acted within the county of his jurisdiction.

**Jurat.**   It is not essential that the jurat state that an affidavit was sworn to in the presence of or before the notary who verifies the fact.

**Double Damages:**   EVIDENCE OF VALUE.   In an action against a railroad company for killing stock, defendant's tender of the sum claimed by plaintiff, is sufficient evidence of value to form the basis for the recovery of double damages, where the proper notice was served.

*Appeal from Webster District Court.* —HON. J. H. RICHARD, Judge.

FRIDAY, OCTOBER 23, 1903.

ACTION to recover on four distinct causes of action, viz.: 'Damage to plaintiff's meadow caused by a fire set out by defendant's locomotive; destruction of certain hay by a fire set out at another time by defendant's locomotive;

VOL. 122 IOWA.—3.

the killing of a steer by defendant's locomotive on its track at a place where defendant had a right to fence, the steer having come upon the right of way at such place by reason of a defective and insufficient cattle guard; and the similar killing of certain pigs which came upon defendant's right of way by reason of insufficiency of defendant's fence. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*R. M. Wright* for appellant.

*Kenyon & O'Connor* for appellee.

McCLAIN, J.—As to the injury to the meadow, the sole question is one of measure of damages. A fire set out by defendant's engine in September burned over about eight acres of wheat stubble, among which grass was growing as the result of the sowing of grass seed with the wheat. But for the fire this grass would, it appears, have furnished pasture during the fall, a háy crop during the next summer, and further pasture after the cutting of the hay during the following fall; and witnesses testified that, although the land was reseeded in the spring following the fire there was no hay crop for that summer, nor pasturage during the following fall. The court instructed the jury that they might allow, as damages for the injury to the meadow, the actual cost of reseeding, and the fair and reasonable rental value for the time necessary to restore the meadow, during which the land was unproductive as a meadow as the result of the fire, less the fair and reasonable value of the use, if any, which plaintiff could have made of the land without interfering with its restoration as a meadow; and the jury by a special finding fixed the damage at $150. It appears from the evidence that the cost of reseeding was $10, the loss of pasturage for the two seasons was $20, and that, on the basis of what other portions of land in a similar situation and under similar conditions produced in hay during the season following the

fire, the rental value of the eight acres for the purpose of raising hay would have been $120, although it appeared by other witnesses that the rental value of the land for ordinary purposes was not to exceed $3 per acre. The contention of counsel for appellant is that the court erred in allowing the introduction of evidence with reference to what the land would have produced in hay during the season if it had not been burned over, based on what other portions of the land constituting the meadow did actually produce, and in so instructing the jury as to allow them to take into account the amount of injury suffered, estimated on this basis. It is urged that the loss must be measured by the condition of the meadow at the time of the fire, and that it could not then be determined what the value of the prospective hay crop was; and therefore the rental value in general, and not the rental value as determined by what the balance of the meadow should actually produce, would be the measure of the loss.

We think, however, that counsel takes a fundamentally erroneous view as to the measure of damages in such cases. While it is true that the mere prospective use of

1. DAMAGE by fire: measure of. land for a specific purpose, and the profits which would actually have resulted from such use, cannot be taken into account (*Chicago v. Huenerbein*, 85 Ill. 594 [28 Am. Rep. 626]), yet, where the land has been appropriated to a particular use, as by converting it into an orchard or a meadow, or planting it to a crop which is already growing at the time of the injury, the loss must be determined with reference to such existing condition. *Rowe v. Chicago & N. W. R. Co.*, 102 Iowa, 286; *Lommeland v. St. Paul, M. & M. R. Co.*, 35 Minn. 412 (29 N. W. Rep. 119); *Bradley v. Iowa Cent. R. Co.*, 111 Iowa, 562; *Graessle v. Carpenter*, 70 Iowa, 166; *Krejci v. Chicago & N. W. R. Co.*, 117 Iowa, 344. "A meadow is in the nature of a permanent improvement, and is not like annual crops. Its value is largely based upon the

fact that it possesses this character, and is not to be planted each year." *Vermilya v. Chicago, M. & St. P. R. Co.,* 66 Iowa, 606, 616.

As to the competency of the evidence with relation to what was actually produced during the season in question on other portions of the meadow of like character and under similar conditions, appellant's objections are not well taken. It must be borne 

2. EVIDENCE damages.

in mind that this is an action for tort, and that the damage recoverable is not what the defendant might have anticipated as the consequence of the injury, but that which follows as the natural and proximate result of the injury, and it was competent to show by the best evidence obtainable what the meadow would probably have produced had the injury not occurred. It was, therefore, competent to show what the product of the other portions of the meadow not injured actually was. *Wolcott v. Mount,* 36 N. J. Law, 262 (13 Am. Rep. 438); *Chicago & R. I. R. Co. v. Ward,* 16 Ill. 522; *Passinger v. Thorburn,* 34 N. Y. 634 (90 Am. Dec. 753); *Flick v. Wetherbee,* 20 Wis. 392; *White v. Miller,* 71 N. Y. 118 (27 Am. Rep. 13); *Jones v. George,* 61 Tex. 345 (48 Am. Rep. 280); *Railway Co. v. Yarborough,* 56 Ark. 612 (20 S. W. Rep. 515); *St. Louis, I. M. & S. R. Co. v. Lyman,* 57 Ark. 512 (22 S. W. Rep. 170); *Randall v. Raper,* E. B. & E. 84, 96 Eng. Com. L. 82. Some of these cases, it is true, relate to damages for loss of crop due to defective seed sold to the person planting the crop, and therefore involved breach of warranty rather than tort. But to authorize recovery in an action for breach of contract, the injury must be the natural and proximate result of the breach, and to this extent the measure of damage is the same as in an action for tort. Of course, the rule for measuring damages in actions for breach of contract may exclude damages which would be recoverable in case of tort, because not within the reasonable contemplation of the parties, but where the proper

measure is the natural and proximate result of the wrong, and does not involve the question as to what damage was within the contemplation of the parties, we see no reason why it should not be the same in each class of cases. The rule excluding profits which are speculative and uncertain has reference rather to the matter of proof than to the measure of damage, and, where there is competent evidence as to the loss of profits, such loss may be taken into account. *Hichhorn v. Bradley*, 117 Iowa, 130.

What the plaintiff actually lost in this case was the pasturage and the hay crop, and, as there was competent evidence as to what the burned portion of the meadow would actually have produced, the rental value 3. DAMAGES: interest. of the land as meadow for the season during which plaintiff was deprived of its use for the purpose of raising a crop of hay thereon, might be determined by the jury and taken into account in fixing the damage. In this connection it is proper to notice a complaint that the court authorized the jury to allow interest at six per cent. on the damage to the meadow as found above. It is true that the damage was unliquidated, and plaintiff is not entitled as a matter of law to interest. But it is well settled that, in estimating even unliquidated damages, the jury may take into account interest on the sum found necessary to compensate the plaintiff for the injury suffered at the time of the loss, on the theory that such interest is a part of his damage. *Richmond v. Dubuque & S. C. R. Co.*, 33 Iowa, 422, 502; *Frazer v. Bigelow Carpet Co.*, 141 Mass. 126 (4 N. E. Rep. 620); *Richards v. Citizens' Nat. Gas Co.*, 130 Pa. 37 (18 Atl. Rep. 600); *Lincoln v. Claflin*, 7 Wall. 132, 139 (19 L. Ed. 106). As the verdict of the jury was with reference to the money loss sustained by the plaintiff at the time of the fire, they were properly told that they might, as an element of damage, include interest on the amount of such loss.

II.   As a distinct cause of action against the defendant, plaintiff alleges the destruction of certain hay and a hayrack on plaintiff's land, which were destroyed by fire communicated thereto by sparks from a locomotive operated on defendant's road.   With reference to this item, the only controversy is as to the evidence relied on as showing that sparks from the locomotive set the fire which resulted in the destruction of the hay and rack.   There being some evidence that the hay was situated one hundred and six feet from the defendant's track, witnesses testified that it was impossible for fire to be communicated by sparks carried that distance. On the other hand, witnesses were allowed, over defendant's objection, to testify that they had seen engines of the defendant throw sparks to the distance of one hundred feet, such testimony relating to other engines than the one supposed to have emitted the sparks which set the fire.   But, as there was evidence that all the engines were in substantially the same condition, this testimony was admissible.

4. EVIDENCE.

It is also contended that there is no evidence whatever that the hay was set on fire by sparks from the locomotive of defendant.   But witnesses for the plaintiff did testify that within a few minutes after the passing of defendant's locomotive along the track, and while a strong wind was blowing from the direction of the track towards the hay, the hay was first discovered to be on fire.   From this evidence the jury was justified in finding that the hay was set on fire by sparks from the locomotive.   *Greenfield v. Chicago & N. W. R. Co.*, 83 Iowa, 270.

5. EVIDENCE.

III.   With reference to the recovery for killing the steer on defendant's track, at a place where it had a right to fence, the contention of appellant is, in the first place, that it appeared the steer came upon the inclosed right of way over the cattle guard, and that there is no competent

evidence that the cattle guard was out of order. Without setting out the evidence, we are constrained to say that there was competent testimony to show that the cattle guard was out of order and ineffective, and it was for the jury to determine whether the defective condition of the cattle guard was the occasion of the steer's being on the inclosed portion of the right of way.

It is further urged, however, with reference to this cause of action, that the attorney for plaintiff conceded, during the trial, that there was no right to recover double 6. DOUBLE damages. damages in such case, and it appears that such concession was made of record. But as the right to recover double damages under such circumstances depended upon the construction of the statute, and not upon any facts which it was necessary to prove beyond those which were proved, to wit, the killing of the animal, the defective cattle guard over which the animal came upon the inclosed right of way, and the giving of the statutory notice, we cannot see that this concession of counsel was in any way material. Plaintiff's counsel was not estopped from urging, later in the progress of the case, that, as matter of law, on the evidence introduced, plaintiff could recover double damages; and the court was therefore justified, on the motion of plaintiff, in adding to the verdict of the jury a sum equal to the actual value of the animal as found by the jury in answer to a special interrogatory. That a concession of counsel, inadvertently made, may be withdrawn where the opposite party is in no way prejudiced thereby as to the determination of the facts, is well settled. *Prescott v. Brooks*, (N. D.) 94 N. W. Rep. 88; *St. Louis & S. F. R. Co. v. Apperson*, 97 Mo. 300 (10 S. W. Rep. 478).

IV. Finally, with reference to the recovery of double damages for the killing of plaintiff's pigs, the only controversy is as to the sufficiency of the statutory notice, under the provisions of Code, section 2055. Under that

section double damages are to be allowed if the company

7. **DOUBLE damages; notice of claim.** fails or neglects to pay the value of the stock killed "within thirty days after notice in writing that the loss or injury has occurred, accompanied with an affidavit thereof, served upon any officer or station or ticket agent employed by said corporation," etc. The first objection to the notice is that it misdescribes the defendant, being addressed to the Minneapolis & St. Louis *Railway* Company, instead of to the Minneapolis & St. Louis *Railroad* Company, and counsel for appellant argues that this was a material misdescription, because there had been such a corporation, the predecessor of the defendant in the ownership of this same line of road. But the notice was actually served upon and brought to the personal attention of the proper officer of the defendant company, and we are not willing to hold that the defendant was justified in ignoring that notice on account of a slight inaccuracy in designating such company. The affidavit and notice are to be taken together. *Mendell v. Chicago & N. W. R. Co.*, 20 Iowa,

9. The notice described the location of the right of way where the animals were killed, with reference to the section of land through which it is located, and also as running through plaintiff's farm. In the affidavit the "bed" of the "M. & St. L. R. R." is referred to, and it is stated that the pigs were killed by said "railroad company." The notice and affidavit were clearly sufficient under the statute.

At the beginning of the affidavit the venue is given, "State of Iowa, Webster County, ss.," and at the end, after the signature of plaintiff, the jurat, as originally

8. **NOTARY; judicial notice.** attached, was as follows: "Subscribed and sworn to by J. B. Black this 22d day of June, 1901. Maurice O'Connor, (seal) Notary Public." It is urged that this jurat is not sufficient because it does not show in whose presence or before whom it was sworn to,

nor that the person signing it as notary public was a notary in and for the county within which it was sworn to. But these objections are without any merit. The court takes judicial notice that the person whose name appears to the jurat was a notary public in and for the county named, and it presumes that he acted within the county of his jurisdiction. *Stoddard v. Sloan,* 65 Iowa, 680; *Stone v. Miller,* 60 Iowa, 243.

It is not essential that the jurat state that the affidavit was sworn to in the presence of or before the notary who verifies the fact by his certificate. That fact is presumed from the official statement that the affidavit was sworn to. *Hosea v. State,* 47 Ind. 180; *Trice v. Jones,* 52 Miss. 138; *Commonwealth v. Keefe,* 7 Gray, 332; *Clement v. Bullens,* 159 Mass. 193 (34 N. E. Rep. 173); 2 Cyc. 28. A similar presumption is entertained when the jurat fails to state by whom the affidavit was signed and sworn to. *Briggs v. Yetzer,* 103 Iowa, 342. The notice and affidavit were therefore sufficient to sustain the recovery of double damages by the plaintiff for the value of the stock killed.

9. JURAT.

It is further contended, with reference to the pigs, that there was no evidence of the value on which to predicate the recovery of double damages. But in one division of defendant's answer, relating to this cause of action, it is averred that defendant "tenders to the plaintiff the sum of thirty-five dollars, which the plaintiff claims to be the value of the pigs, and it denies each and every other allegation in the said count of the said petition contained." And counsel for defendant, in his opening statement, said, "We come into court and tender Mr. Black, not the value that we claim that the pigs were, but the value he himself places upon the pigs, namely, thirty-five dollars." Counsel's contention now seems to be that, while this tender relieved plaintiff of the necessity of proving the

10. DOUBLE damages; evidence of value.

value of the pigs for the purpose of recovering simple damages, it did not afford the basis for the recovery of double damages. But the distinction is so subtle that we have been unable to grasp it. The plaintiff is entitled to double damages, provided he shows the statutory notice and affidavit, and failure of the railroad company to pay within thirty days; and, if the admission is sufficient to establish the value for the purpose of recovering simple damages, certainly no more evidence of value was necessary in order to entitle plaintiff to recover double damages. A payment of money into court during trial, even without a plea of previous tender, operates as a tender from that date, and admits so much of the cause of action. *Ye Seng Co. v. Corbitt,* (D. C.) 9 Fed. Rep. 432, 431.

The judgment of the lower court is AFFIRMED.