HENRY J. COLLINS v. THE GLEASON COAL COMPANY, Appellant.

**Mines and mining:** DAMAGES: PLEADINGS: INSTRUCTIONS. Where an
1 absolute right to support of the surface soil is alleged in an action grounded upon negligent mining, an instruction authorizing recovery of damages for removal of the support regardless of such negligence is within the issue, and is not inconsistent with another instruction authorizing recovery for the negligence.

**Removal of mineral:** SUPPORT OF SURFACE SOIL: NEGLIGENCE. Where
2 the owner of both the surface soil and underlying mineral sells and conveys the surface for farming purposes, reserving only in general terms the mineral beneath, there is an implied covenant that in removing the mineral he will leave sufficient surface supports of some character so that no material injury will result to the dominant estate; and this rule obtains irrespective of any skill used in removing the mineral.

**Same:** WAIVER. A waiver of the right to support of the surface soil can only be established by express words in the conveyance or by the clearest implication.

**Damages:** EVIDENCE: PREJUDICE. The admission of evidence as to the damage to a house by reason of a removal of the underlying mineral, based on the cost of moving the house and rebuilding the foundation, was not prejudicial when the court gave the jury the correct rule for estimating the damages.

**Same:** MEASURE OF DAMAGES. An instruction which directs that the measure of damages for the removal of mineral without leaving proper support.to the surface, is the difference in the value of the land and improvements immediately before and after the removal, is correct.

**Unliquidated demand:** INTEREST. Interest should be allowed on an unliquidated demand where the damage was complete at a specified time, and where the court's instructions as to the measure of damages made no reference to interest it will not be presumed that the jury took it into consideration, but the court may compute and add it to the verdict.

*Appeal from Webster District Court.*—HON. J. R. WHITAKER, Judge.

THURSDAY, MARCH 19, 1908.

SUPPLEMENTAL OPINION FRIDAY, OCTOBER 30, 1908.

ACTION to recover damages for injury to the surface of land occasioned by the removal of coal from beneath it. There was a judgment for the plaintiff, from which the defendant appeals. *Affirmed.*

*Maurice O'Connor,* for appellant.

*Healy & Healy* and *A. N. Botsford,* for appellee.

SHERWIN, J.—The plaintiff is the owner of the surface of the land involved in this controversy, and the de-

fendant is the owner of the coal beneath the same. The land was originally owned by S. M. Devine, who conveyed it with the following reservation: "Excepting and reserving to myself, the said S. M. Devine, the coal and other mineral underlying said land, with the right of access thereto and reasonable facilities for mining and removing the same." In his petition the plaintiff avers his occupancy of the land for farming purposes, and that he has valuable improvements thereon, consisting of a house, outbuildings, trees, etc. He further alleges that it was the "duty and obligation of the said defendant in mining said coal underneath the said surface of plaintiff's land to so conduct said operations as not to injure the surface for the uses and purposes for which the plaintiff had devoted it, and in all things to conduct their mining operations underneath said tract so that the plaintiff should not be injured or damaged by reason thereof." Plaintiff further alleged that, notwithstanding said duty, the defendant conducted the mine to its own advantage, regardless of his rights and interests, and that, in removing said coal therefrom, it failed and negligently omitted to properly prop said mine, and failed and neglected to use proper safeguards and barriers to prevent the caving in of the entries and rooms opened underneath said land. It was then averred "that, by reason of the negligent acts thus committed, and of the care and caution thus negligently and carelessly omitted as aforesaid, the plaintiff has become injured and damaged in the said property as aforesaid." The defendant pleaded the right to mine the coal under the reservation herein set out, and alleged that the mining was not done negligently, but in the most approved and careful manner, and according to the custom and usage of mining in this State. The record shows that, during the year 1904 the defendant mined beneath the plaintiff's land some nine hundred feet, in a vein of coal varying from two hundred to two hundred and fifty feet in width, which

vein was about ninety feet below the surface of the ground, and ranged from about six feet thick in the center to three or four feet at the outer edges. All the coal was removed where the defendant mined, and no support was left for the roof of the mine. The trial court instructed the jury that the plaintiff, as the owner of the surface of the land, was entitled to the use and benefit of the same, and that the defendant, as the owner of the coal beneath it, was entitled thereto, but that neither had the right to in any way interfere with or deprive the other of the rights, benefits, profits, and enjoyment of his property; that the defendant, in the exercise of his ownership of said coal, would have no right to do, or negligently omit to do, any of the acts complained of by plaintiff which would in any way damage the plaintiff in the "free use, possession and complete enjoyment of the surface above said coal." The jury was further told that, if it found that the plaintiff had been deprived of the use and benefit of his land by the sinking of the surface thereof, and that such sinking was caused by the negligent acts of the defendant, he would be entitled to recover, and, further, that if ordinary care and caution would have required the defendant to leave pillars, stubs, or ribs of coal to prevent the surface from sinking, and it did not do so, and as a result of such failure the surface fell, the plaintiff would be entitled to recover. The following instruction was then given: "The question has been suggested in argument before you as to whether or not it would be possible or probable for the defendant to mine or remove any coal from under the plaintiff's premises under the best known methods, without causing said surface to sink to at least some extent. You are instructed that, if you find from the evidence that said coal could not be so mined and removed, that fact would not and should not deprive the plaintiff of his right of recovery. The fact that the defendant could not mine and remove his property without

damaging the plaintiff in the use of his would not excuse the defendant for causing said damage, if you find he has." The defendant asked the court to instruct in effect that under the reservation in question it had the right to remove all of the coal underlying the surface without leaving support for the surface of the ground, provided only that it exercised reasonable and ordinary care in so doing. This request was refused. The appellant complains of the instruction quoted because it authorized a recovery regardless of its negligence, while the petition, it is said, is based on the theory that the injury was due to the negligence of defendant in the particulars named. The instruction is also said to be inconsistent with the other instructions to which we have heretofore referred.

While the petition is apparently based on the theory of the defendant's negligence, it, in our judgment, pleads the plaintiff's right to support for the surface of the land, and whether the removal of such support in the operation of mining be classed as negligence, or as something else, can make no difference with the legal rights of the parties. If the plaintiff was entitled to have pillars or stubs of coal left in the mine for the support of the land above, or if he was entitled to artificial support in place thereof, it was a wrong to remove such support, no matter how the wrong be named. We are unable, therefore, to see any real inconsistency in the instructions, or to say that the one quoted above was not based on the petition.

1. MINES AND MINING: damages: pleadings: instructions.

The controlling question is whether the instruction announced the correct rule of law for the case. The great weight of authority, both English and American, undoubtedly supports the rule that, where the ownership of the surface of the land has been severed from the ownership of the minerals under it, unless the matter has been otherwise determined by contract or conveyance, the owner of the surface has

2. REMOVAL OF MINERAL: support of surface soil: negligence.

an absolute right to necessary support for his land. And if the owner of the minerals removes them entirely, so that injury results from the subsidence of the soil, he will be liable for the resulting damage, no matter how carefully or skillfully he may have conducted his mining operations. He must either leave pillars or ribs of the mineral itself, or put in artificial supports sufficient to sustain the soil above. *Harris v. Rydig,* 5 M. & W. 60; *Humphries v. Brogden,* 12 Q. B. 739; 17 *Eng. Ruling Cases,* 407. In the English notes following the last case it is said: "The principle of law to be deduced from all the authorities, and directly established by the case of *Harris v. Rydig,* 5 M. & W. 60, and *Humphries v. Brogden,* is that a grant or reservation of mines in general terms confers a right to work the mines, subject to the obligation of leaving a reasonable support to the surface as it exists at the time of such grant or reservation." In support of this rule, see 8 Current Law, 1001, and notes; 6 Current Law, 661, and notes; *Phillips v. Collinsville Granite Co.,* 123 Ga. 830 (51 S. E. 666); *Western Ind. Coal Co. v. Brown,* 36 Ind. App. 44 (74 N. E. 1027, 114 Am. St. Rep. 367, 33 Am. St. Rep. 451), note; 18 Am. & Eng. Enc. of Law (2d Ed.), 556, and cases cited; 68 L. R. A. 675, note; 2 L. R. A. (N. S.) 1115, note. In the absence of a contract waiving such support, the right is held to be absolute, and not dependent on the degree of care that may be exercised in the operation of mining. *Lloyd v. Catlin Coal Co.,* 210 Ill. 460 (71 N. E. 335); *Burgner v. Humphrey,* 41 Ohio St. 340; *Pringle v. Vesta Coal Co.,* 172 Pa. 438 (33 Atl. 690); *Noonan v. Pardee,* 200 Pa. 475 (50 Atl. 255, 55 L. R. A. 410, 86 Am. St. Rep. 722).

In *Livingston v. Moingona Coal Co.,* 49 Iowa, 369, the action was for damages on account of taking coal from beneath the plaintiff's house. The deed from the defendant under which the plaintiff acquired title contained a reservation of minerals beneath the surface, and provided that

they might be removed without incurring any liability for "injury caused or damages done to the surface of the land in working coal, coal mines, minerals, . . . and removing the same, provided the said first party shall not enter on the surface of said lands." Notwithstanding the broad waiver just quoted, the court held that a failure to leave pillars for the support of the surface amounted to an interference with the plaintiff's rights, and that the defendant could remove no more coal than was reasonably consistent with the preservation of the plaintiff's rights. It is true the opinion seems to rest on the thought that it was negligence not to leave pillars for the support of the surface. Whatever may be said of that decision in view of the waiver contained in the conveyance, it unquestionably announces the doctrine of subjacent support which the appellee contends for.

*Mickle & Co. v. Douglas,* 75 Iowa, 78, was a case where the defendant owned the entire estate and by lease gave the plaintiffs the right to mine "all the coal" under the premises, and we said: "In the absence of a contract to the contrary, the right to mine coal underlying the surface of land is subject to an implied covenant that only so much of the coal can be removed as can be obtained without injury to the superincumbent soil or surface. . . . All the coal under the land was granted to the plaintiffs; that is, under the lease the right to mine and remove it was granted to the plaintiffs, subject, however, to an implied covenant that sufficient support must be left so as not to materially injure the surface or dominant estate." That case is in line with the weight of authority, holding that, where minerals are granted or reserved in the most general terms, a reasonable support must be left for the surface.

It will be noticed, however, that the right to contract with reference to such support is also recognized, as it is indeed in most, if not all, of the cases where the question

has arisen or been discussed.   See, also, on this point:
*Randolph v. Halden,* 44 Iowa, 327; *Smith v.*
3. SAME: waiver.    *Darby,* L. R. 7 Q. B. 716; *Jones v. Wag-*
*ner,* 66 Pa. 429 (5 Am. Rep. 385).   And such contract
may of course be embodied in the instrument creating the
estate.   It follows, therefore, that, where the terms of the
instrument by which the severance of the two estates was
affected are shown, the general doctrine of the implied
right to subjacent support does not alone determine the
rights of the parties; but the question arises whether or
not the right of support has been released or waived by
the instrument under consideration, and in determining
this question, the general rule is that the right will be
held waived only by express or apt words in the convey-
ance or by the clearest implication.   Such seems to be
the rule in Pennsylvania, where the subject of surface
support has received more consideration than in any of
the other States.   *Scranton v. Phillips,* 94 Pa. 15; *Miles
v. Pennsylvania Coal Co.,* 214 Pa. 544 (63 Atl. 1032);
*Williams v. Hay,* 120 Pa. 485 (14 Atl. 379, 6 Am. St.
Rep. 719).

In *Griffin v. Fairmont Coal Company,* 59 W. Va.
480 (53 S. E. 24, 2 L. R. A. (N. S.) 1115), this rule
is apparently disapproved in a very strong opinion which
holds that, where an owner of a tract of land beneath the
surface of which there is a vein of coal sells the right to
"mine, excavate, and remove all of said coal," no right to
surface support will be implied.   We are impressed with
the force and logic of the opinion in that case, but it is
opposed to the rule of our own cases cited herein, and we
are not prepared to overrule them because of the distinction
between this case and the *Griffin* case, a distinction which
we think may well be made, and one that in fact places
this case, in principle, in line with the *Griffin* case.   Here
the owner of the entire estate sold the surface, reserving
to herself the mineral underlying it, while in the *Griffin*

case, the owner of the land sold the mineral reserving the surface. The surface here was sold for farming purposes, and full consideration was paid therefor. And, in the absence of anything in the conveyance clearly indicating a different intention, it must be presumed that the grantor intended to convey and did convey, the entire use and benefit of said surface, and that a general reservation of the minerals gave him no right to destroy a part of the estate he had conveyed and received pay for. In other words, having sold the surface without expressly or by necessary implication reserving the right to destroy the whole or a part thereof, why should the courts interfere and create for him an implied right to destroy such estate, founded only on his most general reservation? It is a general rule that the grantor may not do anything to injure the estate granted, and we see no reason for grafting on to a conveyance or contract of this nature an exception thereto. We are therefore of the opinion that, where the owner of the entire estate sells the surface, reserving to himself the mineral underneath it in general terms, there is an implied covenant to so mine as not to materially damage the surface. Applying the principle to this case, there was no error in the instruction under consideration, nor in refusing those asked by the appellant.

The plaintiff's house on the land in question was damaged by the subsidence of the soil, and witnesses who testified to the amount of damage thereto said they based their estimate partly on what it would cost to move the house and put a new foundation under it. The testimony complained of went no farther than to give the elements of damage on which they based their estimates, and, considered in connection with the instruction as to the measure of the plaintiff's damage, it could not have been prejudicial to the defendant. *Rowe v. C. & N. W. R. R. Co.,* 102 Iowa, 286; *Thompson v. K. & W. R. R. Co.,* 116 Iowa, 215.

4. DAMAGES: evidence: prejudice.

The criticism of instruction 14 is unwarranted. The jury was therein told in substance that the measure of plaintiff's recovery would be the difference between the value of the land immediately before the defendant commenced to remove the coal from under the same, and such value immediately after the same was so mined and removed, "lessened, if any, as a result of the mining . . . damaging the surface of said land, and the improvements of plaintiff thereon." We think the jury must have understood from this language that any damage found must be based on an injury to the surface and improvements caused by said mining, and that such damage could only be the difference between the value of the land at the times stated; but that, in determining such difference, the damage to improvements might be considered.

5. SAME: measure of damages.

The question asked McClure as to what adjacent land had sold for was clearly leading, and the objection thereto was properly sustained.

We have specifically referred to only a small number of the many points relied upon for a reversal, but we have given them all due consideration, and find nothing more of sufficient importance to demand further attention. Nor do we find any cause for a reversal. The judgment is therefore *affirmed*.

Supplemental opinion on rehearing. *Overruled.*

PER CURIAM.—In submitting the case to the jury the court said nothing about the question of interest on the damages which might be allowed, although the petition prayed that interest be allowed. After the verdict, which was a general one, the plaintiff moved that interest be allowed on the amount of the verdict, and the court added thereto the sum of $98, which represented interest at the rate of 6 percent from July 1, 1905, to the date of the **verdict.**

It is the settled law in this State that interest may be allowed on unliquidated claims wherever it appears that the damage was complete at a particular time, and in such cases it is right to instruct that interest may be allowed. *Black v. M. & St. L. R. R. Co.,* 122 Iowa, 32; *Hollingsworth v. Railroad Co.,* 63 Iowa, 447. In this case the petition was filed August 1, 1905, and the trial had in November, 1906. The evidence showed without question that the pillars or ribs of coal were removed from the mine in 1904, and that the soil begun to settle soon thereafter. The court instructed that the measure of the plaintiff's damage was the difference between the value of the premises immediately before the defendant commenced to mine and remove the coal and such value immediately thereafter, and the time covered by the witnesses in their estimate of such damage was limited generally to the 1st of January, 1905.

6. UNLIQUIDATED DEMAND: interest.

The time of the injury being thus definitely fixed, plaintiff was entitled to interest on the actual amount of damage found; and, unless it can be said that the jury allowed interest in fixing the amount of its verdict, there was no error in adding it to the verdict. It was then merely a matter of computation, and the court could do that as well as the jury. The court having instructed that the plaintiff could only recover the difference in the value of the land before and after the injury, it will not be presumed that the jury disregarded the instruction and allowed interest. *Hollingsworth v. Railway Co., supra.*

There was no error in the action of the court; and the petition for a rehearing is *overruled.*