## H. S. CHAMBERLAIN, Appellee, v. CITY OF DES MOINES, Appellant.

**INTEREST:** Unliquidated Demands—When Allowable. Whether interest is allowable on an *unliquidated* demand depends largely (a) upon the nature of the liability and (b) upon the defendant's duty in the premises.

PRINCIPLE APPLIED: A city ordered and made a change in the grade of a street, thereby damaging abutting property. The city did not follow the statute (Secs. 785-789, Code, 1897) and have the damages first assessed and paid or tendered. It simply went ahead and made the change. *Held*, the city was liable for interest, on the amount found by the jury, from the date of the change.

**MUNICIPAL CORPORATIONS:** Public Improvements—Change of Grade—Damages—Interest. A change in the grade of a street should first be preceded by an assessment of the damages to abutting property, and a payment or tender to the property owner of such amount. (Secs. 785-789, Code, 1897.) A change made in disregard of this law imposes an obligation on the city to pay interest on the final recovery of damages, even though the statute makes no mention of interest.

**APPEAL AND ERROR:** Presumptions—Jury Obeying Instructions. A presumption prevails that the jury obeyed and followed the instructions of the court; for instance, where the jury was instructed that it could not allow interest, either as damages or *eo nomine*.

**TRIAL:** Verdict—Amendment by Court—Adding Interest. The court itself may add interest to a verdict on an unliquidated claim, where it appears (a) that the damages were complete at a particular time and (b) that such interest was not included in the verdict.

*Appeal from Polk District Court.*—HON. C. A. DUDLEY, Judge.

THURSDAY, NOVEMBER 18, 1915.

ACTION at law to recover damages of the city of Des Moines for changing the grade of a street in front of plaintiff's

property. Verdict and judgment for the plaintiff, and defendant city appeals.—*Affirmed.*

*H. W. Byers, Eskil C. Carlson* and *Earl M. Steer,* for appellant.

*W. H. Salisbury, W. L. Smith* and *James A. Howe,* for appellees.

DEEMER, C. J.—The sole question involved on this appeal is the right of plaintiff, whose property was damaged by a change in the grade of a street, to recover interest on the amount of damages allowed.

In the first draft of its instructions, the trial court prepared one allowing the jury to assess interest on the amount found as damages to the property from the time the actual change of grade was made down to the time of verdict. On objections of the attorneys for the city, this instruction was not given and the jury was directed to allow plaintiff simply the difference in the value of the property immediately before and immediately after the grade was changed. The verdict was for $3,750. Upon return of the verdict, and before judgment was entered, plaintiff moved the court to allow interest on said verdict at 6% from October 1, 1911, when the change of grade was made, down to the time the verdict was returned, amounting to $525. The motion was sustained, and interest was added to the verdict and judgment entered accordingly. From the ruling allowing interest, the city appeals.

It will be noticed that the city did not proceed under the statutes, Code Secs. 785, 786, 788 and 789, to have plaintiff's damages assessed before making any alterations in the grade; but proceeded to change the grade under an ordinance or resolution without having the damages assessed, evidently preferring a law suit after the damage was done, to putting up the money in advance. The damage to plaintiff's property accrued not later than October 1, 1911, and the amount thereof was then due the plaintiff. Since that time, the defendant has

had all the advantage of the change of grade and also held that amount of money in its own possession down to the day of trial, although plaintiff was, at all times after the damage accrued, entitled to receive the same. Ordinarily, interest is allowed *eo nomine* on all amounts due from one to another at the rate of 6%. See Code Sec. 3038. But appellant argues:

1. That interest is not allowable, as such, on unliquidated damages until the amount due is ascertained.

2. That, as the statute fixes the damages which may be recovered for change of grade, there being no liability in the absence of statute, and as this statute says nothing about interest, no interest can be allowed.

3. That interest was presumptively allowed by the jury and cannot be assessed a second time.

4. That the trial court had no power to allow interest on the verdict in any event.

I. At common law, the general rule, no doubt, is that interest should not be allowed on unliquidated damages until the amount of the damage is ascertained; because, before that date, the amount of the award is uncertain and unfixed. *Brentner v. Chicago, M. & St. P. R. Co.*, 68 Iowa 530; *Jacobson v. U. S. Gypsum Co.*, 150 Iowa 330. But many exceptions have been made to this rule, and interest has been authorized in such cases as a part of the damages in such sum not exceeding the legal rate as the jury may think will make the plaintiff whole. *Richmond v. The Dubuque & Sioux City R. Co.*, 33 Iowa 422-502; *Christie v. Iowa Life Ins. Co.*, 111 Iowa 177; *Black v. Minneapolis & St. L. R. Co.*, 122 Iowa 32. In other cases for unliquidated damages, interest has been allowed from the time the damage accrued. *Moore v. Fryman*, 154 Iowa 534; *Collins v. Gleason Coal Co.*, 140 Iowa 114. See also the *Black* and *Jacobson* cases, *supra.*

1. INTEREST: unliquidated demands: when allowable.

Much depends upon the nature of the liability and upon the defendant's duty in the premises. Here the statutes made it the duty of defendant, before commencing the work of

changing the grade, to have the damages assessed and to pay or tender them to the proper owner. Code Sec. 785. Had this been done, plaintiff would have had his money which was his due before the damages were done. He did not get it because the city failed and neglected to follow the statutes. As a result, the city has not only had the benefit of the change of grade, but also the use of the money which it should have paid to the plaintiff before it commenced the work. In such circumstances, we think interest should be allowed *eo nomine.* We seem to have no case directly upon the proposition,—although the *Moore* and *Collins* cases, *supra,* are clearly analogous; but authorities from other states, under similar statutes, are in support of our conclusions. *Peabody v. New York, N. H. & H. R. Co.,* (Mass.) 73 N. E. 649; *City of Cincinnati v. Whetstone,* (Ohio) 24 N. E. 409; *Fell v. Union P. R. Co.,* (Utah) 28 L. R. A. (N. S.) 1 and cases cited; *New Haven Steam Sawmill Co. v. City of New Haven,* (Conn.) 44 Atl. 609; *Lough v. Minneapolis & St. L. R. Co.,* 116 Iowa 31; *Hampton v. Kansas City,* 74 Mo. App. 129.

II. It is true that the statute which authorizes recovery of damages for change of grade does not provide that interest may be allowed. But it does provide for payment in advance.

2. Municipal corporations: public improvements: change of grade.

of the change, thus creating a liability as of that date; and if the city does not pay or tender the money in advance of the change, interest is necessary to make the injured party whole, and, under the general statute allowing interest on sums due, we think interest should be allowed.

Appellant's argument at this point would be much stronger, and perhaps conclusive, had defendant proceeded under the statute and tendered the amount of damages awarded to plaintiff before commencing the work. In such case, plaintiff, and not the defendant, would have been at fault. Here plaintiff was in no manner at fault; but defendant city was to blame in not following the statute, and is asking to take advantage of its own wrong. It is this which dis-

tinguishes the instant case from many of those relied upon by appellant, and particularly *Tyson v. City of Milwaukee*, 50 Wis. 78, and *New Haven Steam Sawmill Co. v. City of New Haven*, 44 Atl. 609. Cases where a statutory penalty is sought to be enforced are not apposite.

III. As the jury was so instructed that it could not allow interest either as a part of the damages or *eo nomine*, it must be presumed that no interest was included in the verdict. The

**3. APPEAL AND ERROR: presumptions: jury obeying instructions.**

amount of the interest being a mere matter of computation, and the time when the damages accrued being sufficiently shown,— or at least it being shown that they did not accrue later than October 1, 1911,—the trial court, under our more recent decisions, was authorized to compute the interest and add it to the verdict. See the *Jacobson, Moore* and *Collins* cases, *supra*, and *Hollingsworth v. The Des Moines*

**4. TRIAL: verdict: amendment by court: adding interest.**

*and St. Louis R. Co.*, 63 Iowa 443-447; also *Minot v. City of Boston*, (Mass.) 25 L. R. A. (N. S.) 311, 314. We need not quote from these cases, for the rule is so well settled therein that nothing further may be said. The judgment seems to be correct, and it is—*Affirmed*.

LADD, GAYNOR and SALINGER, JJ., concur.