PHILLIPS et al. v. CAMPBELL et al.

(Court of. Civil Appeals of Texas. Texarkana. March 28, 1912.)

1. PUBLIC LANDS (§ 172*)—ASSIGNMENT OF HOMESTEAD RIGHT—EQUITABLE INTEREST.

Const. art. 14, § 6, gives to every head of a family without a homestead 160 acres of public land on condition that he locate and occupy the same three years. · Sayles' Ann. Civ. St. 1897, art. 4170, provides that no assignment of a homestead donation right by the occupant or settler before the patent has been .obtained shall be valid unless by deed duly authenticated as required by law. *Held*, that the statute contemplated the assignment of an occupant's homestead claim, and, upon three years of continuous occupancy, the settler or his assignee has a vested right in the equitable fee-simple ownership, and may demand a patent investing him with legal title.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 523–543; Dec. Dig. § 172.*]

2. PUBLIC LANDS (§ 178*)—CONVEYANCE BY SETTLER—BONA FIDE PURCHASERS — REGISTRATION—DEEDS SUBJECT.

A conveyance of the equitable ownership of a homestead settler in the public domain, acquired by the completion of three years of continuous occupancy, was subject to registration with the county court, so as to be constructive notice to subsequent purchasers, though the grantor was not then the legal owner because proper proof had not been made entitling him to a patent.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 579–582; Dec. Dig. § 178.*]

3. VENDOR AND PURCHASER (§ 238*)—BONA FIDE PURCHASER.

A purchaser of land from one who was himself an innocent purchaser for value without notice of a prior deed was protected, irrespective of whether such second purchaser had notice of the prior deed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 580–582; Dec. Dig. § 238.*]

4. VENDOR AND PURCHASER (§ 242*)—BONA FIDE PURCHASERS — NOTICE — BURDEN OF PROOF.

The burden of showing that a subsequent purchaser had actual notice of a prior unrecorded deed was upon the persons claiming under such deed in trespass to try title against them.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 603–605; Dec. Dig. § 242.*]

Appeal. from District Court, Upshur County; R. W. Simpson, Judge.

Action by Mrs. Emma Phillips and another against Mrs. C. S. Campbell and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Joe E. Phillips, of 'Daingerfield, for appellants. Warren & Briggs, of Gilmer, for appellees.

HODGES, J. Mrs. Emma Phillips and husband instituted this suit against Mrs. S. C. Campbell, the appellee, in the form of an action of trespass to try title, to recover the tract of land in controversy. Upon the trial appellants introduced the following evidences of title: (1) A patent from the state to S. C. Minor, dated the 9th day of March, 1903; (2) deed from S. C. Minor and wife to C. E. Slayton, dated March 8, 1907, filed for record the same month in the office of the county clerk of Upshur county; (3) deed from C. E. Slayton and wife to Mrs. Emma Phillips, reciting a cash consideration of $212, and dated July 26, 1907. The appellee, defendant below, introduced the following chain of title: (1) Application of S. C. Minor to the county surveyor of Upshur county for the purpose of securing a survey under the homestead law of the 160 acres of land in controversy, dated October 17, 1881. (2) Field notes of the surveyor made by the county surveyor for Minor, with a certificate showing that the survey was made November 11, 1881, and recorded in the surveyor's office in Upshur county, and filed in the Land Office November 30, 1881. (3) Proof of occupancy filed in the Land Office August 18, 1892, by S. C. Minor and two others, dated April 1, 1892. On this proof of occupancy was indorsed the following: "Proof shows S. C. Minor has occupied for three years the land surveyed for him August 25th, 1881; also it does not show that S. C. Minor was the head of a family at the date of his application for this survey." (4) Proof of occupancy in due form made by S. C. Minor, G. H. Jordan, and J. T. Jordan, dated September 2, 1902, and filed in the Land Office. This affidavit recited that Minor is the head of a family, and that he had resided upon the land for three consecutive years from the date of his application for a home-

stead donation, to wit, from the 14th day of October, 1881. (5) Warranty deed from S. C. Minor and wife to R. W. Campbell conveying the land in controversy to Campbell, dated March 21, 1892, and filed for record in Upshur county April 4, 1892. (6) Evidence sufficient to show the transfer by will of all rights acquired by R. W. Campbell to his wife, S. C. Campbell, the appellee in this appeal. It was admitted as a fact that at the time Campbell purchased from Minor the land in controversy was known as the S. C. Minor pre-emption, and had been given abstract and survey numbers, and these had been published in the abstract book furnished the tax assessor and collector of Upshur county by the state, and that the survey had been placed upon the official map of Upshur county in the General Land Office and designated by survey number in the name of the grantee, S. C. Minor. Upon these facts the trial court rendered a judgment in favor of the appellee.

[1] The appellants contend in this appeal that the testimony was insufficient to sustain the judgment. Section 6 of article 14 of the Constitution is as follows: "To every head of a family without a homestead there shall be donated one hundred and sixty acres of public land, upon condition that he will select and locate said land, occupy the same three years, and pay the office fees due thereon." Article 4167 of Sayles' Revised Civil Statutes provides for the steps which the homesteader shall take in returning his field notes and making proof of occupancy. Article 4168 designates the character of proof that shall be required. Article 4170 is as follows: "No assignment of the homestead donation right by the occupant or settler before the patent has been obtained shall be good and valid in law, unless the same be by deed duly authenticated as required by law." The statute evidently contemplates that occupancy under a homestead claim shall confer a right which may be assigned, and that such assignment may be made in advance of the completion of the statutory term of three years. Upon the completion of three years of continuous occupancy, the settler, or his assignee, has a vested right in the fee-simple ownership of the land, and may demand of the proper officer a patent investing him with the legal title. Roberts v. Trout, 13 Tex. Civ. App. 70, 35 S. W. 323. When Minor conveyed his interest to Campbell, he owned the land, but had not acquired the naked legal title from the state.

[2] His conveyance to Campbell carried an interest in the land, which was subject to registration in the office of the county clerk of the county in which the land was located. Lewis v. Johnson, 68 Tex. 448, 4 S. W. 644; Chamberlain v. Boon, 74 Tex. 663, 12 S. W. 727; Batts v. Scott, 37 Tex. 59; Herrington v. Williams, 31 Tex. 448.

Counsel for appellant insists that she acquired the property in controversy without notice of the former conveyance to Campbell, and that her rights were not affected by that deed. There was a conflict in the evidence as to whether or not the agent of Mrs. Phillips had actual notice of the Campbell deed at the time he purchased the land for her; but, assuming that he did have such notice, there was no evidence that her vendor, Slayton, was not a purchaser for value and without notice.

[3] If Slayton was an innocent purchaser for value, his vendee, Mrs. Phillips, would be protected by his lack of notice, regardless of whether or not she or her agent had any at the time of her purchase. Garner v. Boyle, 97 Tex. 460, 79 S. W. 1066.

[4] The burden of showing that Slayton had actual notice, if the record was insufficient to show constructive notice, would, under the facts of this case, rest upon those claiming under the Campbell deed. Baldwin v. Root, 90 Tex. 546, 40 S. W. 3.

In support of the proposition that neither Mrs. Phillips nor her vendor was affected by the record of the Campbell deed appellant refers to Wimberly v. Pabst, 55 Tex. 587, and Bogart v. Moody, 35 Tex. Civ. App. 1, 79 S. W. 633. In the first case cited the controversy arose over a tract of land located by virtue of a certificate issued to one William Richey for 640 acres. The certificate was issued while Richey was a married man. After its issuance, he and his wife were divorced. Subsequent to that time the certificate was transferred, and was finally located by an assignee, in whose name the patent was issued. Pabst, the appellee in the case, acquired title to the entire tract of land by virtue of mesne conveyances from the patentee, all of which were registered in the proper county. About 20 years afterwards Mrs. Wimberly, the former divorced wife of Richey, brought suit for the recovery of her community interest in the property. Among other defenses interposed by Pabst was that of a purchase for value and without notice. The court held that the defense was good, and said: "To the public generally a patent to land having been issued by the state carries with it a high degree of faith and credit as the beginning link in the legal chain upon which all after-acquired title can securely depend. When, therefore, a subsequent purchase is made upon the faith of a patent regular upon its face, public policy requires that it should constitute an important element in the question of the good faith of the transaction and should turn the scales in its favor, except in case of actual notice or when the law would impute constructive notice of some defect sufficient to defeat it. * * * Whatever may be the rule as to the immediate patentee, we are clearly of the opinion that public convenience and the free alienation and security of our land titles demand that a purchaser for value from or under him should not be chargeable with constructive notice by the patent of

latent defects in the transfer of the certificate upon which it is issued, when there is nothing in the face of the patent which would put a prudent man upon such inquiry as would lead to notice of those defects." Mrs. Wimberly was here asserting a community interest in the land resulting from a community interest in the certificate, which amounted to only an equity, and was undisclosed by any record of the title. The dealings which are brought in question related, not to the lands after their location, but to the certificate itself, while still a mere personal chattel capable of being transferred by delivery. At that stage the certificate simply represented the consideration for which the state had agreed to convey a designated quantity of its public domain to the holder, to be thereafter selected. An interest in the certificate was therefore merely an interest in such consideration. The transaction respecting it, which occurred prior to the location, would have no more connection with the land thereafter located than would similar transactions respecting money or other property that might form the consideration for the purchase of land from any vendor have to land so purchased. The equity claimed by Mrs. Wimberly is not different from what it would have been had the property been acquired by purchase with funds in which she had a community interest. The facts are so unlike those of the case at bar that the rule announced can have no application.

In the second case cited the evidence showed that the certificate by virtue of which the land was located was issued to one Samuel L. Williams in 1836. It was thereafter conveyed by Williams to John R. Sleeper, who died possessed of the certificate. Administration on Sleeper's estate was taken out in the probate court, and under a void order the certificate was sold by the sheriff at execution sale, and was purchased by one Culp and duly assigned to him by the sheriff. The assignment was in writing, and disclosed upon its face the want of authority in the sheriff to make it. The land was patented to Culp. Under that state of the evidence, the court held that, in the absence of actual notice on the part of those claiming under Culp, they were not affected by the defect in the probate proceedings antedating the issuance of the patent. The court relies largely upon the authority of Wimberly v. Pabst, and quotes approvingly from the decision rendered in that case.

In a comparatively recent case, Breen v. Morehead, 136 S. W. 1047, the Supreme Court passed upon a question somewhat similar. In that case one Rogers applied for and purchased a section of land, No. 270, under the act of 1883. He complied with the law and executed his obligation in due form. In 1885 he conveyed an undivided one-half interest in section 270 to John Julian, and the other one-half interest on the same day to M. J.

McKelligon. Both deeds were in the form of a quitclaim, and were recorded in the proper county on the day of their date. In October, 1885, McKelligon executed and delivered to Patrick Breen a deed reciting a consideration of $2,000 in cash paid, in which he sold and released and forever quitclaimed all of his interest in the land purchased from Rogers. The deed contains this covenant: "To have and to hold the said premises, together with all and singular the rights, privileges and appurtenances to the same in any manner belonging, unto the said Patrick Breen, his heirs and assigns, so that neither I, the said Morris J. McKelligon, nor his heirs, nor any person or persons claiming under me, shall at any time hereafter claim or demand any right or title to the aforesaid premises or appurtenances or any part thereof." This deed was dated October 21, 1885. The interest and installment of the principal due August 1, 1885, and that due on the succeeding year, were not paid, and the contract of purchase was duly forfeited in the Land Office. McKelligon, who was still on the land on the 6th day of July, 1887, made an application to purchase the same land, and secured the award. In 1890 he released, quitclaimed, and conveyed to Davis, Bell & Davis five-eighths of his interest by a deed which was recorded in the proper county. Davis, Bell & Davis subsequently conveyed to Kern by warranty deed. The appellee claimed under transfers from Kern after the patent had issued. Subsequently Breen brought suit, claiming the land by virtue of the transfer made to him by McKelligon in October, 1885, and claiming that those who purchased under McKelligon subsequent to that time did so with constructive notice of the prior conveyance to him. The question presented on appeal was whether or not purchasers from McKelligon after the latter's purchase from the state in 1887 were affected by the record of the deed from McKelligon to Breen executed before the contract of purchase from the state had been forfeited. The court held that they were not, that Breen's interest in the property was an equity growing out of his right to claim McKelligon's title by estoppel, and that such an interest was not disclosed by the deed records. It is true that the conveyance to Breen, which had been properly recorded and of which it was said the subsequent purchaser was not required to take notice, was a deed purporting to convey the interest of McKelligon in the same tract of land. But Breen's cause of action did not depend upon any title then acquired in the land by that conveyance, for whatever that amounted to it was lost through the fault of his grantor. His rights grew out of the covenant in the deed, and not the grant of a title. In short, his equity arose, not from the acquisition of a title by his deed, but because of the failure to get the title for which he had paid a val-

uable consideration. The record therefore did not disclose a conveyance which invested a title in Breen, but one that did not.

In the case here under consideration, the facts are entirely different. At the time the deed from Minor to Campbell was made, Minor had completed the period of occupancy required by law, and all that remained to enable him to demand a patent from the state was the proof. This had been made by an affidavit held to be defective by the commissioner of the Land Office; but in any event Minor was then the owner of the land. His interest was such as could be conveyed only by a written instrument. His deed to Campbell was in all respects regular. Such an instrument was subject to registration under the existing law, and it was promptly placed of record in the proper county. To hold that this did not operate to give constructive notice of Campbell's acquisition of Minor's interest in the property would be to say that the statute expressly authorized the doing of a vain thing. If prior to the issuance of the patent a property right could be and was acquired in the grant from the state such as may be assigned, and which must be assigned in writing, it would be anomalous to hold that the rights thus assigned could not be protected by our laws governing the registration of contracts relating to land.

The judgment of the district court is affirmed.