RIGGS v. BALEMAN et al. (No. 165-3165.)

(Commission of Appeals of Texas, Section A. March 2, 1921.)

1. Vendor and purchaser ⬤�248276—Grantee under quitclaim deed not in position to protest foreclosure of lien.

Purchaser's grantee under quitclaim deed, against whom no personal or money judgment was asked in the seller's suit to recover of the buyer on vendor's lien notes and to foreclose vendor's lien, is not in position to protest the foreclosure of the lien.

2. Vendor and purchaser ⬤�248279—Remote buyer proper party to suit to foreclose lien.

The buyer of land from defendant who bought from plaintiff deraigned title from plaintiff, and was a proper and necessary party to plaintiff's suit to foreclose vendor's lien.

3. Vendor and purchaser ⬤�248276—In suit to foreclose lien, grantee of buyer after disclaimer cannot litigate title.

In suit to foreclose vendor's lien, brought against the buyer and his grantee, the grantee's answer admitting title to land was in the state, and he a naked trespasser without interest, the grantee, after such admission, cannot be permitted to come in and litigate title to the land.

⬤�248For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Public lands ⊙⊃175(2)—Statute in force at time held complied with by settler to segregate land from mass of public domain.**

One who, having settled upon the state's domain, made application in writing to have the same surveyed, as required by Rev. St. 1895, art. 4165, and the field notes of the survey, after due certification, mapping, and recording in the county where the land was situated, were within 12 months of the date of the survey returned to the General Land Office, as required by article 4166, and proof of the three consecutive years of occupancy, as required by articles 4167, 4168, was furnished the Land Commissioner by the settler, and corrected field notes by the county surveyor in behalf of the settler's pre-emption were filed in the General Land Office, there was such a compliance by the settler· with the statute then in force as to vest in him a fee-simple ownership in the land, segregating it fròm the mass of the public domain and rendering it the subject of private contract.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by S. H. Riggs against O. G. Baleman and another. From judgment against the named defendant only, plaintiff appealed to the Court of· Civil Appeals, which affirmed (198 S. W. 813), and plaintiff brings error. Judgment of the trial court reformed, and as reformed affirmed.

W. W. Moores, of Stephenville, for plaintiff in error.
Chandler & Pannill, of Stephenville, for defendants in error.

SPENCER, J. Plaintiff in error, S. H. Riggs, instituted this suit to recover of O. G. Baleman upon certain vendor's lien notes executed by the latter in part payment of the land conveyed to him and to foreclose, as against defendant in error, the vendor's lien retained in the deed of conveyance; Clark McClammy having gone into possession under a quitclaim deed from O. G. Baleman executed subsequent to Baleman's purchase from Riggs. McClammy resisted the foreclosure of the lien, and asked to be discharged upon the ground that the land upon which it was attempted to be retained was unappropriated public domain, and therefore not subject to private contract between the parties. The trial, which was before the court without a jury, resulted in a personal judgment against Baleman for the amount of the notes, but in favor of defendant in error Clark McClammy. 198 S. W. 813.

Plaintiff in error filed an amended motion for new trial, and subsequent to the adjournment of the term at which the case was tried filed assignments of error with the clerk, containing assignments of error unlike the errors assigned in the motion for new trial, and the assignments subsequently filed were copied into his brief and relied upon to pre-

sent the cause to the Court of Civil Appeals. The Court of Civil Appeals declined to consider the assignments of error, holding that, although it was unnecessary to file a motion for new trial—the cause having been tried before the court without a jury—but having filed it, the assignments contained therein constituted, by virtue of article 1612, Ver. Sayles' Tex. Civ. Stat. 1914, the assignments upon appeal, and limited plaintiff in error's presentation of the case, aside from fundamental errors of which the court found none, to the errors contained in the motion.

Since the rendition of the opinion in this case, the Supreme Court in answering a certified question from the Court of Civil Appeals of the Third Supreme Judicial District in the case of Hess & Skinner Engr. Co. v. Turney et al., 109 Tex. 208, 203 S. W. 593, has construed article 1612, Ver. Sayles' Rev. Civ. Stat. of 1914, holding, in effect, that in a trial before the court without a jury, where the judgment of the court is excepted to, the appellant is entitled to appeal without filing a motion for new trial, but if one be filed and assignments of error are subsequenty filed, he is entitled to have the assignments considered, even though they are unrelated to his motion, if otherwise sufficient.

The assignments of error in this case being sufficient in form to challenge the trial court's judgment, it follows that the plaintiff in error is entitled to have them considered, and, having determined that the assignments embrace questions of substantive law which determine the case, without reference to any questions of fact over which the judgment of the Court of Civil Appeals is final, it is proper, we think, to consider them.

In view of the judgment rendered by the trial court, it must be concluded that the land in question had not been segregated from the mass of the public domain, and that defendant in error was entitled to urge this as a defense to the foreclosure. In support of the defense, defendant in error introduced the depositions of the Land Commissioner to the effect, in substance, that the records of the General Land Office show that four filings had been made upon the land, as follows: Henry H. Riggs, pre-emption, filed November 13, 1875, patent refused because no proof of three-year occupancy, as required by statute; John Birchfield pre-emption, filed March 7, 1883, patent refused because of defective field notes and for the further reason that it covered the Henry H. Riggs' pre-emption for which no proof of abandonment had been filed; J. W. Earnest pre-emption, filed April 4, 1902, patent denied because the papers were not returned, within 30 days of the day of survey; and J. W. Earnest pre-emption, filed May 2, 1904, patent refused because pre-emption covered the John Birchfield superior claim.

The record of the General Land Office, as

---

⊙⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

disclosed by the Land Commissioner's testimony, shows: That John Birchfield, after having settled upon the land in question, made his application in writing to have the same surveyed as required by article 4165 of the Revised Statutes of 1895; that the field notes of the survey, after having been duly certified, mapped, and recorded in the county where the land is situated, were, within 12 months of date of the survey, returned to the General Land Office as required by article 4166 of Revised Civil Statutes of 1895; that proof by him of three consecutive years of occupancy as required by articles 4167 and 4168 of Revised Civil Statutes of 1895 was furnished the Land·Commissioner, and that corrected field notes by the county surveyor in behalf of the John Birchfield pre-emption were filed in the General Land Office August 6, 1886.

Attached to the Land Commissioner's deposition were copies of letters written by him in 1904 to J. W. Earnest and the county surveyor of Erath county, in which he recognizes the Birchfield pre-emption as valid and superior to the pre-emption of J. W. Earnest; and for this reason subsequently declined to issue patent to Earnest.

The Land Commissioner by letter dated December 24, 1904, addressed to Ben Palmer, informed him that the pre-emption in favor of Birchfield would be canceled if proof be furnished that Birchfield did not occupy the land for three years, as required by statute. There is no such' proof in the record; neither is there proof that the Birchfield pre-emption was ever canceled.

[1-3] In the first instance, we do not think that defendant in error is in position to protest the foreclosure of the lien. No personal or money judgment was asked against him, and the collection of the purchase money in so far as he was concerned was not in issue. Being a vendee of Baleman, he deraigned title from plaintiff in error, and was therefore a proper and necessary party to the foreclosure suit. His answer is virtually a disclaimer. By it, he admits the title to the land is in the state, and he a naked trespasser upon it, without any interest therein. With this admitted, it would be equivalent to permitting one not interested in the foreclosure to come in and litigate for another the title to the land, which under the authorities cannot be done. Faubion v. Rogers, 66 Tex. 472, 1 S. W. 166.

[4] We think, also, that as between the parties to this suit the facts as above stated show as a matter of law such a compliance by Birchfield with the terms of the statute then in force to vest in him a fee-simple ownership in the land, thereby segregating it from the mass of the public domain, thereby rendering it the subject of private contract. Phillips v. Campbell, 146 S. W. 319.

We recommend, therefore, that the judgment of the district court be so reformed as to foreclose plaintiff in error's lien against defendant in error, and, as reformed, that it be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.