RUSH *v.* THE SINES BROS. & CO.

(Decided November 9, 1929.)

*Mr. T. M. Potter* and *Mr. J. E. Powell,* for plaintiff in error.

*Messrs. Pyle & McGonagle,* for defendant in error.

SHERICK, J. This is an error proceeding from the court of common pleas of Perry county. The parties stand in the same position in this court as they did in the court below, and the sole question is: Did the trial court err in entering judgment on the pleadings in favor of the defendant upon its motion?

The petition avers that the plaintiff owns an acre of land, which is underlaid with coal; that said premises are improved, and that he does not own the coal and other minerals thereunder; that prior to June 17, 1909, the greater part of the coal under said land had been mined and removed, and only the pillars, stumps and ribs remained thereunder, sufficient to

support the surface in its natural state; that on said date the defendant acquired the right to remove all the coal in and under said premises and other premises thereto adjacent and adjoining, and has, ever since said date, been engaged in the mining and removal of the pillars, stumps and ribs of coal previously left for the support of the surface, preparatory to the abandonment of mining operations.

The plaintiff charges that the defendant, in disregard of plaintiff's right to subjacent support, has failed to substitute artificial supports in lieu of the pillars, stumps and ribs of coal removed, sufficient to support the surface, that early in 1926 the surface broke in large irregular fissures, the stratas of earth and rock having burst asunder, and that large irregular sunken swales have appeared which have destroyed his improvements and the value of his premises, and have rendered the same unfit for habitation, to his damage in the sum of $1,000.

The defendant, as a first defense, admits that the plaintiff does not own the coal, that defendant acquired the right to remove the coal under said premises on June 17, 1909, that there are certain improvements on the premises, and makes general denial of all other allegations.

As a second defense, the defendant alleges that on November 19, 1907, one Martin owned in fee 23 acres known as the "McGinnis land," of which the plaintiff's acre is a part; that on said date Martin conveyed the aforesaid acre to one Frazier, and that the deed therefor contained the following reservation: "Excepting as follows: nothing but the surface is intended to be hereby sold or conveyed, all coal and fire clay and other minerals beneath the

surface being reserved with the right to remove them without making any openings for that purpose on the acre, more or less, of surface hereby conveyed, and without reference to any damage that may occur to the surface of said acre, more or less, from their removal in the future as in the past; some of the coal beneath said acre having already been removed and grantee buying this surface with full knowledge thereof;'' that thereafter, on July 25, 1917, Frazier conveyed the acre to the plaintiff, which instrument is plaintiff's only source of title, and that this instrument contained a like reservation to that which appeared in Frazier's statement of title.

It is further said that on the 17th day of June, 1909, Martin, being the owner of all the coal on the ''McGinnis land,'' and having the right to remove such, entered into a lease agreement, and thereby granted in writing to the defendant the right to enter upon and remove all the coal underlying the 23 acres, and further provided therein that the defendant should immediately commence and continue to mine the coal until all coal was mined, and as royalty the defendant was to pay Martin 12½ cents per ton for all lump coal and 9 cents per ton for run of mine coal removed, that defendant at once began mining operations, and was so mining when Frazier conveyed to the plaintiff, and that it has never mined any coal from under the plaintiff's acre.

The plaintiff, in reply, admits Martin's ownership in fee on the day Frazier acquired title to the acre in question, and alleges that the reservation hereinbefore cited appeared in the deed to Frazier as an exception to the covenant of warranty; and

further admits the date of his deed from Frazier, and that it contains the same reservation to the covenant of warranty therein. It is then admitted that Martin, after the execution of the deed to Frazier, executed and delivered a lease to the defendant, whereby the defendant was required to mine and remove all the coal under said premises, and that said lease bears date June 17, 1909, and was filed for record on March 9, 1923.

The plaintiff contends that the trial court erred in sustaining the defendant's motion for three reasons: First, because the petition states on its face a good cause of action; second, that the essential facts in issue are not all conceded; third, that the court's finding is contrary to the law pertinent to the case. These contentions will be considered in the order named.

We have no hesitancy in agreeing that the plaintiff's petition, standing alone, states a good cause of action; but, after the defendant has answered, alleging new matter, to which plaintiff makes reply, admitting the truth of certain essential defensive facts, the issue between the parties may no longer be one of fact, but one of law. The petition is not only to be looked to, but also the answer, and the admissions and statements set forth in the reply, in order that the determinative issue between the parties may be arrived at and understood. It may be one of fact, one of mixed law and fact, or one of law only, and, if it be the latter, the law of this state provides:

Section 11601, General Code: "When, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so

rendered by the court, although a verdict has been found against such party.''

This practice under our law has been considered in *Rheinheimer* v. *Ætna Life Ins. Co.*, 77 Ohio St., 360, 372, 83 N. E., 491, 493, 15 L. R. A. (N. S.), 245, wherein the court says: ''To justify a judgment on the pleadings, it must be found that, taking all their averments as they stand, they present simply a question of law.''

We believe that in this case the question is purely one of law. In support of the second proposition the plaintiff points out that the petition alleges that the defendant has mined out the pillars, stumps and ribs under his acre and has thereby caused the injury complained of, which fact the defendant has generally and specially denied. This is no doubt true; but it is not every contested fact that is put in issue that is determinative of a question. Had there been no question of waiver and release raised in this case, the plaintiff could rightfully complain of error. But when it is disclosed by the statements and admissions in the pleadings that a plaintiff, grounding his cause of action on his right to subjacent support, has waived or released his right to such support, it then cannot be material to the issue whether the defendant removed or did not remove the supports under his lands, and this fact is no longer determinative of the issue between the parties. It is, of course, dependable upon the fact that a sufficient waiver, or release, has been pleaded in defense and admitted or averred in reply.

The plaintiff holds the view that the case of *Burgner* v. *Humphrey*, 41 Ohio St., 340, and the case of *Ohio Collieries Co.* v. *Cocke,* 107 Ohio St., 238,

140 N. E., 356, are controlling in this case, and the defendant likewise asserts that these authorities recognize the principle for which it contends. These two cases are authority, applicable to the instant case, on the proposition that the right of subjacent support of the surface, in its natural state, is a right which the owner of the surface has, regardless of whether mining operations thereunder were conducted in a negligent manner or not, and that *a sale of all the coal* under a tract of land is not, in terms, or by necessary implication, a release of the right to surface support. But in neither of these cases is the question squarely before the court as to the sufficiency of the language used in a covenant in the instrument conveying the estate, and whether or not such clearly imports a release of subjacent support. They, however, recognize the general rule that one may waive or release such right, or that the same may be reserved by covenant.

It is the law that one may part with his right to subjacent support by his deed, or covenant, or he may waive it. Such a conveyance or waiver should not be implied, unless the language used in the conveyance, or a covenant thereof, is referable thereto, and clearly and aptly shows that the parties intended to part with, waive, or reserve such right. It requires more than ordinary and general terms in a reservation to deny one his right to surface support; it must be done by express words, or by necessary implication.

We are therefore led to an analysis of the covenant appearing in the pleadings for a determination of its sufficiency, when reasonably construed, and to ascertain whether it was the intention of Martin, the

common source of title, and understood by his grantee Frazier, that the grantor reserved all coal under the acre tract, and that he (Martin) was not to be liable in damage for any loss of surface support that Frazier might thereafter sustain by reason of the removal of the pillars, stumps and ribs, without artificial support being provided in lieu thereof.

We note that the court, in *Burgner* v. *Humphrey, supra,* comments upon, and seems to approve of, the case of *Livingston* v. *Moingona Coal Co.,* 49 Iowa, 369, 31 Am. Rep., 150, where language very similar to that in the case at bar was used. But an examination of the more recent authorities from that state discloses that in *Collins* v. *Gleason Coal Co.,* 140 Iowa, 114, 115 N. W., 497, 499, 118 N. W., 36, 18 L. R. A. (N. S.), 736, the holding in the earlier case is questioned, and is only found to be maintainable on the issue of negligence. In the *Collins* case the court makes the remark that "such contract may of course be embodied in the instrument creating the estate," and adds that "the general rule is that the right will be held waived only by express or apt words in the conveyance or by the clearest implication. Such seems to be the rule in Pennsylvania, where the subject of surface support has received more consideration than in any of the other states," and cites with approval *Scranton* v. *Phillips,* 94 Pa., 15, wherein it was held: "Where one grants the surface of land and reserves the mines beneath, the implied right of support to the surface, which passes with said grant, may, by apt words in a deed of conveyance be excepted from said grant, and where such exception has been made, the grantor or those who claim through him may mine

all the coal, even though by said mining the surface should fall in.'' The Supreme Court of that state has held to this doctrine in recent years. See *Madden* v. *Lehigh Valley Coal Co.*, 212 Pa., 63, 61 A., 559, and *Miles* v. *Pennsylvania Coal Co.*, 217 Pa., 449, 66 A., 764, 10 Ann. Cas., 871.

The language used in the reservations in issue seem to this court to be clear and apt, and convincing that it was intended that Martin reserved all the coal underneath the acre tract, he to have the right to remove it in the future, but not to make an opening for that purpose, and that such was to be done without reference to any damage that might accrue to the surface from its removal in the future, or in the past. Further, it is said that some of the coal had been removed, all but pillars, stumps and ribs, as plaintiff alleges in his petition, and Frazier bought the surface with full knowledge thereof. The plaintiff had this same knowledge. He could have no greater right than his immediate predecessor in title. He knew that the only coal left under the acre for its support consisted of pillars, stumps and ribs, and, if any coal was to be removed, that only was left to be mined. The plaintiff recognizes that the defendant was rightfully in possession under grant from Martin, and mining coal therefrom for eight years prior to his purchase. To hold that the language used was not sufficient to waive subjacent support would be to totally disregard the covenant, and that this court is not inclined to do.

The fact that the special reservation follows the covenant of warranty does not, to our notion, change the view taken. It was a limitation upon the estate

granted, recognized by all parties as a covenant of the contract of conveyance.

The judgment of the trial court will therefore be affirmed.

*Judgment affirmed.*

LEMERT, P. J., and HOUCK, J., concur.