**EAST OHIO GAS CO., Plaintiff, v. JAMES BROS. COAL CO., Defendant.**

Common Pleas Court, Tuscarawas County.

Decided December 29, 1948.*

Fisher, Smith & Renner, New Philadelphia, Maurice F. Hanning, Cleveland, for the plaintiff.
A. Limbach, New Philadelphia, for the defendant.

*No appeal taken.

## OPINION

By LAMNECK, J.

The plaintiff corporation in this case seeks to enjoin the defendant corporation from taking any action or conducting any mining operations on certain land described in the petition which will in any manner interfere with or damage certain gas pipe lines and a telephone line of the plaintiff or interfere with the operation thereof running across said lands.

The defendant's predecessors in title to the land in question granted to the plaintiff a right of way over the lands in question to lay, maintain, operate, and remove pipe lines for the transportation of oil or gas and to erect, maintain, and operate a telegraph or telephone line, under an instrument dated January 20, 1909, the essential parts of which read as follows:

"do hereby grant to The East Ohio Gas Company its successors or assigns, the right of way to lay, maintain, operate and remove a pipe line for the transportation of oil or gas and erect, maintain and operate a telegraph or telephone line, if the same shall be found necessary on, over and through ————lands * * * with ingress and egress to and from the same. The said grantors, heirs or assigns, to fully use and enjoy the said premises, except for the purposes hereinbefore granted to the said The East Ohio Gas Company which hereby agrees to pay any damages which may arise to crops and fences from the laying, maintaining, operating and removing said pipe line; said damages if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by the said grantors, heirs or assigns, one by The East Ohio Gas Company its successors or assigns, and the third by the two so appointed as aforesaid, and the award of such three persons shall be final and conclusive. And the said The East Ohio Gas Company its successors or assigns, is further granted the right from time to time to lay additional lines of pipe alongside of the first line as herein provided, upon the payment of the price per rod above mentioned for each additional line so laid, and subject to the same conditions; also to have the right to change the size of its pipes, the damages, if any, to crops and fences in making such change to be paid by the said The East Ohio Gas Company. If telegraph line is erected, poles must be set along a fence line. Pipe line to be buried so as not to interfere with cultivation. It is agreed that this Right of way is given subject to the optional Right for the sale of coal under said land."

An examination of this instrument indicates that the plaintiff has a specific grant of a right of way to lay, maintain, operate and remove pipe lines for the transportation of oil and gas over the lands described in the petition. Pursuant to such grant, the plaintiff laid three large gas pipe lines, each 221.39 rods long over said lands, one in 1909, another in 1911 and another in 1948, all buried to a depth of approximately thirty inches.

The defendant is the owner in fee of said lands but its title is subject to the aforesaid grant of a right of way. At the present time, the defendant is engaged in removing clay and coal on said lands by the "strip mining" method, and in doing so it has removed large quantities of earth constituting the overburden of certain coal and clay by machinery. In the course of its operations it caused excavations to be dug near the gas pipe lines of the plaintiff, and at one point a cut thirty feet deep was made within fifteen feet of one of the defendant's gas pipe lines without any lateral support.

The defendant maintains that it has the right to remove the coal and clay beneath the plaintiff's lines, and the plaintiff contends that if the defendant removes said coal and clay underneath and immediately adjacent to its lines by any method or means, there is great danger that its lines may be uncovered, displaced, broken and damaged, thereby not only causing irreparable injury to the plaintiff but interrupting and seriously interferring with the transportation of natural gas for industrial and domestic use to a large portion of northeastern Ohio.

The defendant also contends that the plaintiff abandoned its right of way grant because a period of 37 years elapsed between the laying of the second line in 1911 and the laying of the third line in 1948. The grant given the plaintiff included the right to lay additional lines from time to time, alongside of the first line upon the payment of additional rodage as provided in the grant. It is well settled that an easement founded upon a grant is not abandoned by mere nonuse, no matter how long continued. Even if nonuse was sufficient to extinguish such an easement, it would not apply in this case because the plaintiff continuously used the right of way ever since it was acquired in 1909.

It is well-settled that where a public utility acquires simply a right of way, whether by voluntary or non-voluntary alienation, the title to the minerals remain in the landowner and the utility has no right to remove them or permit third persons to do so. (See Railroad v. Union 146 Cal. 290, 79 Pac. 961; Trust Co. v. Glass Co., 162 Ind. 393, 68 N. E. 1020; Quinn v. Railroad 256 Mich. 143, 239 N. W. 376; Power Co. v. Lime Co. 191 Ala. 58, 67 South. 833). This principle is fortified in the instant case by the provision in the right of way grant to the effect, "that this right of way is given subject to the optional right for the sale of the coal under said land."

Since the defendant owns the minerals underneath the plaintiff's right of way, it may mine underneath such right of way, provided it does not interfere with the plaintiff's use

of its right of way as provided for in the grant. (See Thompson on Real Property, Sec. 95).

The authorities are entirely harmonious as to the doctrine that, where a landowner grants the surface and reserves the right of taking out the minerals underneath or grants the minerals and reserves the surface, a covenant is implied on the part of the person who is to work the mines that he will so conduct his operations as to leave sufficient support for the surface. (See Thompson on Real Property, Sec. 610; **Burgner v. Humphrey, 41 Oh St 340; Collieries Co. v. Cocke, 107 Oh St 238, 140 N. E. 356).** As announced in Collieries v. Cocke, supra and also in **Rush v. Sine Bros. & Co., 34 Oh Ap 38, 170** N. E. 379, there is no release of the right to surface support where one owns minerals and another the surface overlying the same unless the instrument conveying an interest and making the severance clearly imports such release. Neither does the mere fact that the minerals are more valuable than the surface relieve the owner of the mineral rights from the duty of leaving sufficient of the subjacent land in place to support the surface in its natural state. (Moss v. Jordon 129 Miss. 598, 92 So. 689). He is entitled only to remove so much of the minerals as he can get without injury to the super-incumbent soil. (Jilek v. Coal Co. 382 Ill. 241, 47 N. E. (2d) 96; Gabrielson v. Service Co. 232 Ia. 483, 5 N. W. (2d) 834).

The court can see no reason why the same rules as pointed out herein as they apply to an owner of the surface should not apply to one who has a grant for a particular use in the surface of land such as the right of way involved in this case.

In **Industrial Gas. Co. v. Jones 62 Oh Ap 553, 24 N. E. (2d)** 830 which involved a grant for the laying of gas pipe lines similar to the grant in the instant case, and where the grantors reserved the use and enjoyment of the surface, the court held that the owners of the surface could not make any use of the surface which would impair the grant for the construction and laying of the gas pipe line.

A court of equity will not enjoin a landowner from making excavations on his land when no serious injury to adjoining property rights is imminent and where there is nothing peculiar in the situation and circumstances of such realty, because an injury in such a case is ordinarily so slight that the remedy at law for damages is entirely adequate. But the right to lateral or subjacent support will be protected by injunction if an irreparable injury is threatened or is imminent, or if continued excavations may result in disaster to the plaintiff or to the public. (See Thompson on Real Property, Sec. 616).

In Industrial Gas Co. v. Jones, supra, an injunction was granted to restrain one who subsequently acquired the right to remove coal from under the land carrying a gas pipe line under a previous easement from dumping on the pipe line waste materials which would injure the line.

Injunctions have been granted to restrain mining operations that will cause the surface of land to sink, or which will destroy the surface of the land such as results in a strip mining operation. (See Gatson v. Brick Co., 219 Mo. App. 558, 228 S. W. 179; Barker v. Mintz, 73 Col. 262, 215 Pac. (534).

It is quite apparent from the evidence submitted in this case that the continuance of strip mining operations by the defendant corporation by making excavations nearer than 15 feet at the surface plus an additional one-half foot horizontal at the surface for each vertical cut of one foot to any one of its existing gas pipe lines on said premises would seriously endanger the plaintiff's existing gas pipe lines, and would not only cause irreparable injury to the plaintiff company, but would also seriously interrupt and seriously interfere with a large number of industrial and domestic users of natural gas in northeastern Ohio.

Since the defendant maintains that it has the right to remove said minerals in any manner it sees fit, it is ordered, adjudged and decreed that during the time the plaintiff company maintains any existing gas pipe lines on said premises, the defendant corporation and all persons under its control, be enjoined from conducting any strip mining operations in the form of making excavations in the surface nearer than 15 feet at the surface plus an additional one-half foot horizontal at the surface for each vertical cut of one foot to any one of its existing gas pipe lines, and from taking any action or conducting any mining operations in any other manner which will interfere with or damage said pipe lines or the telephone line of the plaintiff or interfere with the operation thereof; provided however that nothing herein shall be construed to prevent the defendant corporation from driving one set of two entries for deep mining purposes under existing pipe lines of the plaintiff at approximately right angles to said lines for each of the No. 5 and No. 6 veins of coal in the area in the south central portion of the lands described in the petition, if such entries are not closer than 40 feet from center to center, nor more than 12 feet wide, and have at least 50 feet of overburden under said lines; nor to prevent the defendant corporation from driving not more than two sets of two entries for deep mining purposes under the existing pipe lines of the plaintiff at approximately right angles

to said lines for each of the No. 5 and No. 6 veins of coal in the area in the northwest corner of the lands described in the Petition if each set of two entries is at least 300 feet apart, and if each entry in a set is not closer than 40 feet from center to center, nor more than 12 feet wide and has at least fifty feet of overburden under said pipe lines.

Exceptions noted.